IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| PHILLIPS/MAY CORPORATION,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | No. 06-47C<br>(Judge G. Miller) |

JOINT MOTION FOR SUSPENSION OF PROCEEDINGS

Defendant, the United States, and plaintiff, Phillips/May Corporation ("PMC"), hereby move this Court to suspend proceedings in this action until the contracting officer issues a final decision on the claim underlying plaintiff's complaint.

On November 7, 2003, PMC submitted a certified claim for alleged Government-imposed delay, mal-administration of the contract, overzealous inspection, and impossibility of performance to the contracting officer at the Naval Air Station-Joint Reserve Base ("NAS-JRB") in Fort Worth, Texas. Compl. ¶ 6.[1] The claim pertained to contract number N62467-01-D-0257 between the Department of the Navy ("Navy") and PMC. Id. ¶ 4. The contract was for the construction of the Religious Ministry Facility at the NAS-JRB in Fort Worth, Texas. Id. To date, the

[1] "Compl. __" refers to the complaint filed with this Court on January 19, 2006.

contracting officer has yet to issue a final decision on PMC's claim.

PMC brings its claim before this Court pursuant to the Contract Disputes Act ("CDA"), 41 U.S.C. § 601 et seq. Compl. ¶ 1. PMC believes that this Court has subject matter jurisdiction over PMC's claim because the contracting officer did not respond to PMC's November 7, 2003 claim; therefore, the claim is deemed denied. 41 U.S.C. § 605(c)(5); see Case, Inc. v. United States, 88 F.3d 1004, 1008-09 (Fed. Cir. 1996). It is within this Court's power and discretion to stay this case to permit a decision on PMC's November 7, 2003 certified claim by the contracting officer. See 41 U.S.C. § 605(c)(5). It is well established that the Court has the authority to suspend proceedings in cases before it. As the Supreme Court stated in Landis v. North American Co., 299 U.S. 248 (1936):

> The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

299 U.S. at 254. The exercise of the Court's authority to issue a stay under 41 U.S.C. § 605(c)(5) is committed to the Court's discretion. United Partition Sys., Inc. v. United States, 59

Fed. Cl. 627, 641 (2004) (citing Durable Metal Prods., Inc. v. United States, 21 Cl. Ct. 41, 47 (1990)). "The Court may issue a stay to obtain a final decision when the Court believes that such a decision would be beneficial to the parties and assist resolution of the matter." Id. at 641-42 (citing Sparks v. United States, 36 Fed. Cl. 488, 492-93 (1996)). When the Court possesses jurisdiction over a claim based on a deemed denial, "it is specifically granted discretion to retrocede authority to the contracting officer" by the CDA, 41 U.S.C. § 605(c)(5). Id. at 643.

Because of the multiple factual allegations set forth in PMC's complaint before this Court and the fact that the parties have already been before the Armed Services Board of Contract Appeals ("ASBCA") with multiple claims relating to the same contract, the parties believe it would be helpful to both parties and the Court to have a final decision from the contracting officer with specific findings of fact on the claim presented in PMC's November 7, 2003 certified claim.

Accordingly, in the interest of conserving judicial resources, and the time and expense of the parties, the parties respectfully request that the Court stay the proceedings in the case. The parties respectfully request that the Court's order direct the contracting officer to issue a final decision within 60 days from the date of the stay order. We propose further

that, within 30 days of the contracting officer issuing his final decision, the parties will submit to the Court a joint status report proposing a schedule for further proceedings.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/David A. Tomlinson
DAVID A. TOMLINSON
5716 Tee Box Court
Granbury, TX 76049
Tel: (817) 578-8199

Attorney for Plaintiff

Dated: April 10, 2006

s/Dawn S. Conrad
DAWN S. CONRAD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit,
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-7562
Fax: (202) 305-7643

OF COUNSEL:

TRACY M. HUMPHREY
Senior Trial Attorney
Naval Facilities Engineering Command
Washington Navy Yard, D.C. 20374-5051

Dated: April 10, 2006

Electronically filed
April 10, 2006

# CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of April, 2006, a copy of the foregoing "JOINT MOTION FOR SUSPENSION OF PROCEEDINGS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Dawn S. Conrad