**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PHILLIPS/ MAY CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-47C |
| | ) | (Judge G. Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiff and defendant respectfully submit the following joint preliminary status report:

a. Jurisdiction

Plaintiff states that this Court has jurisdiction to consider and decide this action pursuant to the Tucker Act, 28 U.S.C. § 1491, and the Contract Disputes Act ("CDA") of 1978, 41 U.S.C. § 601 et seq. Defendant is not aware of a basis upon which to challenge the Court's jurisdiction at this time.

b. Consolidation

The parties agree that this case should not be consolidated with any other case.

c. Bifurcation

The parties agree that trial of liability and damages should not be bifurcated.

d. Deferral

The parties agree that proceedings in this case should not be deferred pending consideration of any other case before this Court or any other tribunal.

e. Remand/Suspension

The parties agree that no remand or suspension will be sought in this case.

f. Joinder of Additional Parties

At this time, the parties do not believe the additional parties will need to be joined.

g. Dispositive Motions

Defendant intends to seek summary judgment upon the grounds that the doctrine of res judicata (both issue and claim preclusion) bars plaintiff's entire complaint. The parties have agreed that no discovery needs to be conducted prior to this motion and have agreed upon the following briefing schedule for defendant's summary judgment motion:

Defendant's motion for summary judgment shall be filed on or before October 27, 2006.

Plaintiff's response shall be filed on or before November 27, 2006.

Defendant's reply shall be filed on or before December 11, 2006.

If the Court denies defendant's motion in its entirety or in part, the parties reserve the right to file motions for summary judgment on liability and/or damages at the close of fact discovery.

h. Relevant Issues

1. Whether plaintiff's claims are barred by the doctrine of res judicata (both claim and issue preclusion).

2. If not, whether defendant's actions during the performance of the contract constituted a breach of the partnering clause of the contract between the parties.

3. Whether defendant's Quality Assurance Representative acted within the scope of his authority. If not, whether plaintiff is entitled to an equitable adjustment for overzealous

inspection and/or for the changes directed by the Quality Assurance Representative.

4. Whether defendant's administration of the contract made completion of the contract within the allotted time impossible.

5. Whether defendant's actions in administering the contract between the parties delayed plaintiff so that plaintiff is entitled to an extension of the contract time over and above the extensions of time already granted to plaintiff by defendant with accompanying costs.

6. Whether defendant improperly administered the contract by:

a. Failing to partner with plaintiff.

b. Failing to cooperate with plaintiff.

c. Micromanaging the contract.

Plaintiff believes that two additional contributing factors should be added to this issue:

d. Failing to follow its own guidelines for administering a design/build contract.

e. Failing to follow its own guidelines for managing its construction projects.

Defendant believes plaintiff's two additional contributing factors should be stated as an additional issue:

7. Whether defendant was legally obligated to follow its guidelines for design/build contracts and managing construction projects in addition to the terms of the contract between the parties. If so, whether defendant failed to follow its guidelines for design/build contracts and managing construction projects.

i. <u>Settlement</u>

If the Court denies defendant's motion for summary judgment based upon <u>res judicata</u> in

its entirety or in part, the parties anticipate continuing consideration of settlement prior to and during the discovery period. Both parties also expect to consider the possibility of alternative dispute resolution prior to and during the discovery period, and prior to trial.

j. Trial

If the Court denies defendant's motion for summary judgment based upon res judicata and following the close of fact discovery, summary judgment motions are not submitted or are not completely dispositive of this action, the parties anticipate proceeding to trial. The parties do not request expedited trial scheduling. At this time, the parties anticipate that trial would take place in Dallas, Texas.

k. Electronic Case Management

At this time, neither party is aware of any special issues regarding electronic case management needs.

l. Additional Issues

There is no additional information of which the Court should be aware at this time.

m. Proposed Discovery Plan

If the Court denies defendant's motion for summary judgment based upon res judicata, in its entirety or in part, the parties propose filing a joint status report within 20 days of the Court's order, setting forth a proposed discovery schedule.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ David A. Tomlinson
DAVID A. TOMLINSON
5716 Tee Box Court
Granbury, TX 76049
Tel: (817) 578-8199

Attorney for Plaintiff

Dated: September 21, 2006

Electronically filed,
September 21, 2006

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Dawn S. Conrad
DAWN S. CONRAD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-7562
Fax: (202) 305-7643

OF COUNSEL:

TRACY M. HUMPHREY
Senior Trial Attorney
Naval Facilities Engineering Command
Washington Navy Yard, D.C. 20374-5051

Dated: September 21, 2006

CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of September, 2006, a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Dawn S. Conrad