**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PHILLIPS/ MAY CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-47C |
| | ) | (Judge G. Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY AND SUPPLEMENTAL**
**<u>APPENDIX IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT</u>**

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

HAROLD D. LESTER, JR.
Assistant Director

OF COUNSEL:

AUDREY VANDYKE
Associate Counsel (Litigation)
Naval Facilities Engineering Command
Litigation Office - Building 36
720 Kennon Street, S.E., Room 136
Washington Navy Yard, D.C. 20374

DAWN S. CONRAD
Trial Attorney
Civil Division
Commercial Litigation Branch
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 616-2279
Fax: (202) 305-7643

electronically filed
December 11, 2006

Attorneys for Defendant

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I. The ASBCA Possessed Jurisdiction To Entertain Plaintiff's Claims Currently Before This Court, But Plaintiff Chose Not To Bring Some Of Its Claims Before The ASBCA Because Plaintiff Voluntarily Elected The Board's Accelerated Procedure . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II. The Federal Circuit Applies A Transactional Approach To Determine If A Claim Is Barred By Claim Preclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

III. In The Alternative, Issue Preclusion/Collateral Estoppel Bars Several Of Plaintiff's Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

# TABLE OF AUTHORITIES

Page

## Federal Cases

Ammex, Inc. v. United States,
334 F.3d 1052 (Fed. Cir. 2003) . . . . . . . . . . 11

Armour of Am. v. United States,
69 Fed. Cl. 587 (2006) . . . . . . . . . . 3

Baird v. United States,
96 U.S. 430 (1877) . . . . . . . . . . 6

Banner v. United States,
238 F.3d 1348 (Fed. Cir. 2001) . . . . . . . . . . 13

Black Clawson Co., Inc. v. Kroenert Corp.,
245 F.3d 759 (8th Cir. 2001) . . . . . . . . . . 5

Blonder-Tongue Lab, Inc. v. University of Ill. Found.,
402 U.S. 313 (1971) . . . . . . . . . . 10

Brown v. United States,
3 Cl. Ct. 31 (1983) . . . . . . . . . . 8

Container Transp. Int'l, Inc. v. United States,
199 Ct. Cl. 713, 468 F.2d 926 (1972) . . . . . . . . . . 6, 8

Crowley v. United States,
398 F.3d 1329 (Fed. Cir. 2005) . . . . . . . . . . 5

Dana v. E.S. Originals, Inc.,
342 F.3d 1320 (Fed. Cir. 2003) . . . . . . . . . . 9

Foster v. Hallco Mfg. Co.,
947 F.2d 469 (Fed. Cir. 1991) . . . . . . . . . . 8

Goad v. United States,
46 Fed. Cl. 395 (2000) . . . . . . . . . . 3

Hornback v. United States,
52 Fed. Cl. 374 (2002) . . . . . . . . . . 13

J. Cooper & Assoc., Inc. v. United States,
47 Fed. Cl. 280 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

J.F. Shea Co. v. United States,
4 Cl. Ct. 46 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Jet, Inc. v. Sewage Aeration Sys.,
223 F.3d 1360 (Fed. Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 10, 11

Kelliher v. Stone & Webster,
75 F.2d 331 (5th Cir. 1935) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Mars Inc. v. Nippon Conlux Kabushiki-Kaisha,
58 F.3d 616 (Fed. Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Montana v. United States,
440 U.S. 147 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Morris v. Jones,
329 U.S. 545 (1947) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Nager Elec. Co. v. United States,
177 Ct. Cl. 234, 368 F.2d 847 (1966) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Parklane Hosiery Co. v. Shore,
439 U.S. 322 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Santa Fe Eng'rs, Inc. v. United States,
818 F.2d 856 (Fed. Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

Sharp Kabushiki Kaisha v. Thinksharp, Inc.,
448 F.3d 1368 (Fed. Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 9, 11

Sil-Flo v. SFHC, Inc.,
917 F.2d 1507 (10th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

United States v. Burch,
294 F.2d 1 (5th Cir. 1961) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Federal Statutes

41 U.S.C. § 605 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4

41 U.S.C. § 606 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

41 U.S.C. § 607 . . . . . . . . . . 9

Additional Authorities

Restatement (Second) of Judgments (1982) . . . . . . . . . . 7, 10

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PHILLIPS/ MAY CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-47C |
| | ) | (Judge G. Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 7.2(c) and this Court's order dated September 28, 2006, defendant respectfully submits this reply in support of its motion for summary judgment, filed on October 27, 2006. Plaintiff's response to this motion was filed on November 27, 2006.

SUMMARY OF ARGUMENT

In our opening brief, we requested that the Court enter judgment in our favor upon plaintiff's complaint because the doctrine of res judicata bars plaintiff's claims before this Court. The parties previously litigated nine appeals before the Armed Services Board of Contract Appeals ("ASBCA" or "board"), all of which resulted in final decisions. A 217-65.[1] These appeals arose from the same contract and same operative facts as the plaintiff's claims currently before this Court. We established that, because the United States Court of Appeals for the Federal Circuit, whose precedent is binding upon this Court, applies the transactional approach to determining whether a claim is barred by the doctrine of claim preclusion, plaintiff's claims either were raised or should have been raised before the board. Alternatively, we established that, to the extent that plaintiff's claims are not entirely barred by claim preclusion, at least some of plaintiff's claims are barred by the doctrine of collateral estoppel (also known as issue

[1] "A__" refers to the appendix that was filed contemporaneously with defendant's motion for summary judgment, on October 27, 2006.

preclusion) because the pertinent issues have been fully and fairly litigated and resolved by a final judgment.

Plaintiff opposes our motion for summary judgment with essentially three main arguments: (1) plaintiff's claims before this Court are not barred by res judicata because the ASBCA never possessed jurisdiction to entertain those claims; (2) plaintiff did not raise or did not have the opportunity to litigate fully and fairly before the ASBCA the claims it now brings to this Court; and (3) the ASBCA never finally decided the claims before this Court because the brief decisions of the board did not address the issues that plaintiff now raises before this Court. As we will demonstrate below, all of plaintiff's arguments are without merit.

## ARGUMENT

### I. The ASBCA Possessed Jurisdiction To Entertain Plaintiff's Claims Currently Before This Court, But Plaintiff Chose Not To Bring Some Of Its Claims Before The ASBCA Because Plaintiff Voluntarily Elected The Board's Accelerated Procedure

Plaintiff, Phillips-May Corporation ("PMC"), repeatedly argues that it could not have brought the claims contained in its complaint before this Court to the ASBCA with its previous appeals because the board did not possess jurisdiction to entertain claims that were not the subject of a contracting officer's final decision. Pl. Resp. at 6-8, 13-14[2] (citing the Contract Disputes Act ("CDA"), 41 U.S.C. § 605; Santa Fe Eng'rs, Inc. v. United States, 818 F.2d 856, 858-59 (Fed. Cir. 1987)).

It is true that a contractor may not present new claims to the ASBCA that have not been presented and certified to the contracting officer. Santa Fe Eng'rs, 818 F.2d at 858 (citing J.F. Shea Co. v. United States, 4 Cl. Ct. 46, 54 (1983)). The board does not possess jurisdiction to

[2] "Pl. Resp.__" refers to plaintiff's response to defendant's motion for summary judgment, filed on November 27, 2006.

entertain new claims that have not been previously presented to the contracting officer. See id.; 41 U.S.C. § 606. "A new claim is 'one that does not arise from the same set of operative facts as the claim submitted to the contracting officer.'" Armour of Am. v. United States, 69 Fed. Cl. 587, 590 (2006) (quoting J. Cooper & Assoc., Inc. v. United States, 47 Fed. Cl. 280, 285 (2000)). While "[d]ismissals for lack of jurisdiction do not reach the merits of a claim and therefore are without prejudice to a plaintiff filing a new suit in a court with proper jurisdiction to address the merits," Goad v. United States, 46 Fed. Cl. 395, 398 (2000), PMC has failed to demonstrate that the board would not have possessed jurisdiction to entertain all its claims, should PMC had chosen to bring them before the board. PMC's nine ASBCA appeals arise out of the same transactional facts as this present case – the same parties, the same contract, many of the same factual allegations, and many of the same resultant damages. See Def. Mot. at 9-10.[3] Accordingly, it appears clear that the claims presented in the complaint before this Court should not be considered "new claims."

In any event, the board would have possessed jurisdiction to entertain all of PMC's claims because they had all been presented to the contracting officer – in the certified claim of November 7, 2003, which neither party disputes was received by the contracting officer. See PPFUF ¶ 6.[4] Nor does either party dispute that the contracting officer's final decision on this claim was not issued until June 9, 2006. A 296-306. After 60 days had passed without a decision from the contracting officer or a letter notifying the contractor of when a decision would

[3] "Def. Mot.__" refers to defendant's motion for summary judgment, filed on October 27, 2006.

[4] "PPFUF__" refers to plaintiff's proposed findings of uncontroverted fact, filed on November 27, 2006.

be made, PMC could have brought its November 7, 2003 claim to the board as a claim that had been "deemed denied." 41 U.S.C. § 605(c)(5). PMC has not submitted any evidence in rebuttal to our motion for summary judgment that demonstrates that PMC could not have brought an appeal of its November 7, 2003 certified claim to the board 60 days after it submitted its certified claim to the contracting officer. Obviously, PMC was aware that it could bring appeals to the board based upon a deemed denial, as it did so in all of its ASBCA appeals. See A 1-41; SA 1-8.[5] In fact, PMC submitted its claim in ASBCA No. 54484 to the contracting officer on November 12, 2003 (five days after its November 7, 2003 claim) and appealed that to the board upon the basis of a deemed denial on January 19, 2004. A 40, SA 8. Accordingly, on or about January 8, 2004, the board would have possessed jurisdiction to entertain all of PMC's claims, because they had all been presented to the contracting officer.

PMC voluntarily elected to utilize the ASBCA's accelerated claims procedure in its nine ASBCA appeals. DPFUF ¶ 6.[6] This procedure is limited to claims where the amount in dispute is $100,000 or less. See Pl. Ex. 9.[7] PMC's November 7, 2003 certified claim sought more than this amount, so PMC could not have requested the accelerated claims procedure. However, PMC could have chosen to consolidate all of these claims, because they were based upon the same transactional facts, and could have presented all of its claims in one trial before the board. In fact, the Navy opposed PMC's election of the accelerated claims procedure and moved to have

---

[5] "SA__" refers to defendant's supplemental appendix, which is attached to this brief.

[6] "DPFUF__" refers to defendant's proposed findings of uncontroverted fact, filed on October 27, 2006.

[7] "Pl. Ex.__" refers to the exhibits filed with plaintiff's response to defendant's motion for summary judgment, filed on November 27, 2006.

all appeals consolidated by the board because each appeal involved the same contract and "the same witnesses with over-lapping facts." A 51, 46-47. However, PMC insisted on keeping the appeals as "separate" actions in order to process them pursuant to the board's accelerated claims procedure. A 49. PMC agreed to consolidate the appeals for hearing purposes only, and that is ultimately how the board proceeded. A 49, 52.

Accordingly, PMC could have brought all of its claims at once to the board, but chose not to do so. In fact, given that the claims that were affirmatively litigated before the ASBCA are based upon the same operational facts as PMC's "new" claim here, PMC effectively litigated all of them. This litigative tactical decision is not equivalent to being unable to bring all claims before the ASBCA for jurisdictional reasons. The board would have possessed jurisdiction to entertain all of PMC's claims, and PMC should have raised them all at the same time. It was not the CDA, but PMC's own strategic decisions, that prevented it from bringing its November 7, 2003 claim before the board. Therefore, PMC's argument that it was barred from bringing all of its claims before the board because of the CDA is without merit.

## II. The Federal Circuit Applies A Transactional Approach To Determine If A Claim Is Barred By Claim Preclusion

In its response in opposition to our motion for summary judgment, PMC relies upon several cases from other circuits to define the claim preclusion aspect of res judicata. Pl. Resp. at 3-5 (quoting Black Clawson Co., Inc. v. Kroenert Corp., 245 F.3d 759, 763 (8th Cir. 2001); United States v. Burch, 294 F.2d 1, 5 (5th Cir. 1961); Kelliher v. Stone & Webster, 75 F.2d 331, 333 (5th Cir. 1935)). However, this Court must apply the definition of claim preclusion employed by the Federal Circuit, whose precedent is binding upon this Court. See Crowley v. United States, 398 F.3d 1329, 1335 (Fed. Cir. 2005).

The Federal Circuit applies a transactional approach to the doctrine of claim preclusion. See Jet, Inc. v. Sewage Aeration Sys., 223 F.3d 1360, 1362-63 (Fed. Cir. 2000). For the claim preclusion aspect of res judicata, litigation may be foreclosed on a matter that has never been litigated because it should have been advance in an earlier suit. Sharp Kabushiki Kaisha v. Thinksharp, Inc., 448 F.3d 1368, 1370 (Fed. Cir. 2006). "For claim preclusion based on a judgment in which the claim was not litigated, there must have been (1) an identity of the parties or their privies, (2) a final judgment on the merits of the prior claim, and (3) the second claim must be based upon the same transactional facts as the first and should have been litigated in the prior case." Sharp, 448 F.3d at 1370 (citing Parklane Hosiery Co. v. Shore, 439 U.S. 322, 327 n.5 (1979); Jet, Inc., 223 F.3d at 1362). Accordingly, claim preclusion does not require that the claim have actually been litigated and decided upon the merits in the earlier proceeding. Instead, the Court must determine whether the claim arises from the same transactional facts and should have been litigated in the earlier proceeding.

"A plaintiff who splits his claim (or cause of action) and fails to include his entire demand in his first suit will have, as a result, to give up the part on which he fails to sue the first time." Container Transp. Int'l, Inc. v. United States, 199 Ct. Cl. 713, 468 F.2d 926, 928 (1972) (citing Baird v. United States, 96 U.S. 430, 432 (1877); Nager Elec. Co. v. United States, 177 Ct. Cl. 234, 246, 368 F.2d 847, 855-56 (1966)).

> It is well established that a party may not split a cause of action into separate grounds in successive lawsuits; instead, a party must raise in a single lawsuit all the grounds of recovery arising from a single transaction or series of transactions that can be brought together.

Mars Inc. v. Nippon Conlux Kabushiki-Kaisha, 58 F.3d 616, 619 (Fed. Cir. 1995); see also Restatement (Second) of Judgments § 23 (1982) (stating that when "a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger and bar . . . the claim extinguished includes all rights against the defendant with respect to all or any part of the transaction, or serious of connected transactions, out of which the action arose") (emphasis added). With its complaint before this Court, PMC is attempting to split its claims, which is prohibited by Federal Circuit precedent and the Restatement.

As demonstrated in our motion for summary judgment, plaintiff's claims before this Court and its claims in its previous litigation before the ASBCA arise from the same contract and the same transactional facts. The complaints before the board, opening and closing arguments, and testimony during the ASBCA hearings demonstrate that PMC was displeased with the Government's administration of the contract, the allegedly unreasonable timeline, and the Government's inspections and Quality Assurance Representative. A 1-45, 54-214. As discussed above, PMC made a litigative decision not to pursue its claims for delay, impossibility, over-inspection, and mal-administration over the course of the entire contract before the board and, instead, chose to break its claims into smaller claims that could be tried using the board's accelerated procedures. However, PMC's decision to split its claims based upon the same transactional facts now bars its ability to bring different claims based upon the same transactional facts before this Court.

PMC mistakenly argues that claim preclusion should not apply to its claims before this Court because its claims were never tried and decided in any ASBCA decision, and it did not have an "adequate opportunity to litigate" the new claims now before this Court. Pl. Resp. at 10-

11. However, claim preclusion does not require PMC to have decisions from the board addressing all of its claims and to have had an adequate opportunity to litigate those claims before the board. Instead, the Court must determine whether PMC's claims before this Court arise from the same transactional facts and should have been raised in the prior ASBCA litigation. The doctrine of res judicata "extends beyond those causes of action expressly included by the plaintiff in his claim to cover causes of action which were not but should have been raised in the prior litigation." Brown v. United States, 3 Cl. Ct. 31, 41 (1983) (citing Container Transp., 199 Ct. Cl. at 717, 468 F.2d at 928).

> The modern trend . . . is to insist, first, that a plaintiff raise his entire "claim" in one proceeding, and second, to define "claim" to cover all of the claimant's rights against the particular defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. In deciding what factual grouping constitutes a transaction, and what groupings make a series of connected transactions, the tribunal acts pragmatically, giving weight to such considerations as whether the facts are related in time, space, motivation or the like so as to form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

Container Transp., 199 Ct. Cl. 713, 468 F.2d at 928-29 (citations omitted). A claim is deemed the same claim for res judicata purposes when it rests on all or part of the transaction or series of connected transactions out of which the original claim arose. Foster v. Hallco Mfg. Co., 947 F.2d 469, 478 (Fed. Cir. 1991).

PMC relies on Container Transport for the proposition that it may rely upon the CDA in permitting it to split its claims. Pl. Resp. at 9-10. Container Transport held that res judicata did not apply to the specific plaintiff in that case because the plaintiff relied upon previous caselaw that permitted claim splitting. Container Transp., 468 F. 2d at 930. PMC, however, has not

explained how the CDA permits claim splitting. The two sections that it cites in its response – 41 U.S.C. §§ 605(c)(1), 607(f) – do not address claim splitting. Section 605(c)(1) addresses a contracting officer's deadline for addressing claims and the need for a contractor to certify claims over $100,000. Section 607(f) permits the boards of contract appeals to establish accelerated procedures for claims of less then $100,000. Neither section directs PMC to split claims or to bring its claims based upon the same transactional facts at different times in different fora. Because PMC's claims before this Court are based upon the same transactional facts and could have been raised before the ASBCA during the previous litigation between the parties, they are barred by the doctrine of claim preclusion.

III. In The Alternative, Issue Preclusion/Collateral Estoppel Bars Several Of Plaintiff's Claims

In our opening brief, we also established that, if claim preclusion did not bar PMC's claims before this Court in their entirety, at least some of the issues raised in PMC's complaint are barred by the doctrine of issue preclusion, also known as collateral estoppel. Def. Mot. at 11-15. "The term res judicata includes two related concepts: 'claim preclusion' and 'issue preclusion.'. . . Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided." Sharp, 448 F.3d at 1370. PMC relies upon the Federal Circuit's definition of collateral estoppel set forth in Dana v. E.S. Originals, Inc., 342 F.3d 1320, 1322 (Fed. Cir. 2003), to argue that the Government cannot support any of the factors for the test for collateral estoppel. Pl. Resp. at 12-13.

In response, it is important to note that the test set forth in Dana applied the law of the United States Court of Appeals for the Eleventh Circuit. See Dana, 342 F.3d at 1323 (noting that, on procedural issues not unique to the Federal Circuit's exclusive jurisdiction, the court

applies the law of the regional circuit, which in that case was the Eleventh Circuit). However, the test for collateral estoppel that the Federal Circuit, based upon Supreme Court precedent, applies to non-patent cases in this circuit was set forth in Jet, Inc. See Def. Mot. at 11. As we explained in our opening brief, issue preclusion, which serves to bar the revisiting of "issues" that have been already fully litigated, requires four factors:

> (1) identity of the issues in a prior proceeding;
> (2) the issues were actually litigated;
> (3) the determination of the issues was necessary to the resulting judgment; and,
> (4) the party defending against preclusion had a full and fair opportunity to litigate the issues.

Jet, Inc., 223 F.3d at 1366 (citing Montana v. United States, 440 U.S. 147, 153-55 (1979); Blonder-Tongue Lab, Inc. v. University of Ill. Found., 402 U.S. 313, 332-33 (1971)) (additional citations omitted); see also Restatement (Second) of Judgments § 27.

In our motion, we established that issue preclusion bars the following issues: overzealous inspections; failure to timely furnish telephones lines; failure to partner with PMC; creating multiple punch lists; requiring a new testing and balancing ("TAB") report on the heating, ventilation and air conditioning ("HVAC") systems; failure to respond to requests for information ("RFIs"); the North American Free Trade Agreement's ("NAFTA") application to the contract; additional design work and design changes required by the Navy; the Navy's Design Build Manual; the Navy's changes to the approved final design; and, the Government's Quality Assurance Representative's alleged changes to the design of the foundation. Def. Mot. at 12-14. PMC at first argues that none of the issues are the same, although later in its response it seems to concede that some of them are: PMC states that it will amend its complaint to delete any claims concerning RFIs that relate to the chilled water line, Pl. Resp. at 30; PMC states that it will

amend its complaint to delete any claims based upon testing and balancing, Pl. Resp. at 32; PMC states that it will amend its complaint to delete any claims concerning NAFTA, Pl. Resp. at 30; and, PMC agrees that the issue of overzealous inspection was part of the Phase II Delay appeal (ASBCA No. 54331), Pl. Resp. at 33. Clearly, PMC concedes that some of the issues are the same.

Additionally, PMC repeatedly argues that claim preclusion and issue preclusion do not apply to its claims before this Court because they were not fully and fairly litigated below, the board's decisions do not specifically address them, or the statements upon which we relied in our motion for summary judgment were statements of counsel, which are not evidence of PMC's claims. Pl. Resp. at 11, 13, 25-35. As explained above, claim preclusion does not require the above elements – it only requires that the parties are the same, there is a final judgment upon the merits, and the claims are based on the same transactional facts and could have or should have been raised in the earlier proceeding. See Ammex, Inc. v. United States, 334 F.3d 1052, 1055 (Fed. Cir. 2003). While issue preclusion requires "a full and fair opportunity to litigate the issues" and that "a determination of the issues was necessary to the resulting judgment," Jet, Inc., 223 F.3d at 1366, PMC has failed to demonstrate how these requirements were not met in the ASBCA proceedings upon some of the claims that PMC now brings before this Court.

Res judicata does not require the prior decision on the merits specifically to address every aspect of a plaintiff's claim. In fact, a default judgment "can operate as res judicata in appropriate circumstances." Sharp, 448 F.3d at 1371 (citing Morris v. Jones, 329 U.S. 545, 550-51 (1947)). Clearly, a default judgment would not be a long and detailed decision on all aspects of the plaintiff's claim. To avoid the application of issue preclusion, PMC must instead

demonstrate that the ASBCA decisions below did not address the claims it now seeks to bring before this Court because they were not "necessary to the resulting judgment." For example, in ASBCA No. 54331, where PMC admits that the issue of overzealous inspection was raised, the issue of overzealous inspection was necessary to the resulting judgment. In that decision, the ASBCA found that PMC was entitled to 40 days of compensable delay because the Government accepted the new building on March 21, 2003. A 221. The board did not find that PMC was entitled to any additional compensable delay for "overzealous inspection" or for any other reason, demonstrating that the board did not find the Navy liable for overzealous inspection in that appeal. The board instead held that there were "major deficiencies in the above-ceiling work, especially in the heating and ventilation system." A 220. This finding could be construed to be in response to PMC's argument that the Government's Quality Assurance Representative, Thomas Schutze, was repeatedly up in the ceiling looking at "everything and making up all these endless punch lists." A 98, 116-17. Accordingly, the board's finding could be construed as specifically finding that the Navy did not "overzealously" inspect the HVAC system.

The board's decisions in all of PMC's ASBCA appeals were brief because PMC elected the accelerated procedures found in Rule 12.3 of the board's rules, which states that a "[w]ritten decision by the Board in cases processed under the ACCELERATED procedure will normally be short and contain only summary findings of fact and conclusions." Pl. Ex. 9. PMC cannot now seek to avoid the application of res judicata just because PMC elected a procedure that would not provide a detailed analysis of all of PMC's allegations under the contract. Likewise, PMC cannot argue that "arguments of counsel" are not binding for issue preclusion purposes.

Arguments of counsel are part of the "full and fair opportunity to litigate the issues."[8] An issue is actually litigated if "'it was properly raised by the pleadings, was submitted for determination, and was determined.'" Hornback v. United States, 52 Fed. Cl. 374, 384 (2002) (quoting Banner v. United States, 238 F.3d 1348, 1354 (Fed. Cir. 2001)). "'[M]ere disagreement with a legal ruling does not mean that a party has been denied a 'full and fair' opportunity to litigate.'" Id. at 384-85 (quoting Banner, 238 F.3d at 1355). In fact, PMC itself states in its response that "any argument of counsel was an attempt to recover everything possible." Pl. Resp. at 28. Clearly, arguments of counsel are relevant to whether the issue was raised and litigated in the prior proceeding.

Accordingly, PMC's argument that none of the issues before this Court were actually litigated and decided by the ASBCA is without merit. As noted above, even PMC admits that at least some of the issues were litigated before the board in the prior proceedings.

## CONCLUSION

For these reasons and the reasons set forth in our motion for summary judgment, defendant respectfully requests that the Court grant its motion for summary judgment and dismiss the complaint with prejudice.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

---

[8] "In determining whether a party has had a 'full and fair' opportunity to litigate an issue, a court should look at (1) whether there were significant procedural limitations in the prior proceeding, (2) whether the party had an incentive to litigate fully the issue, and (3) whether effective litigation was limited by the nature or relationship of the parties." Banner, 238 F.3d at 1354 (citing Sil-Flo v. SFHC, Inc., 917 F.2d 1507, 1521 (10th Cir. 1990)).

DAVID M. COHEN
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Dawn S. Conrad
DAWN S. CONRAD
Trial Attorney
Civil Division
Commercial Litigation Branch
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 616-2279
Fax: (202) 305-7643

Attorneys for Defendant

OF COUNSEL:

AUDREY VANDYKE
Associate Counsel (Litigation)
Naval Facilities Engineering Command
Litigation Office - Building 36
720 Kennon Street, S.E., Room 136
Washington Navy Yard, D.C. 20374

electronically filed
December 11, 2006

CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of December, 2006, a copy of the foregoing "DEFENDANT'S REPLY AND SUPPLEMENTAL APPENDIX IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Dawn S. Conrad

# SUPPLEMENTAL APPENDIX

# INDEX TO SUPPLEMENTAL APPENDIX


| Document Description | Pages |
|---|---|
| Notices of Appeal submitted by Phillips/May Corporation to the Armed Services Board of Contract Appeals | 1-8 |