# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PHILLIPS/ MAY CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-47C |
| | ) | (Judge G. Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO STRIKE PARAGRAPHS 22 THROUGH 125 OF PLAINTIFF'S PROPOSED FINDINGS OF UNCONTROVERTED FACT

Pursuant to Rule 12(f) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits this motion to strike paragraphs 22 through 125 of plaintiff's proposed findings of uncontroverted fact filed with plaintiff's response to defendant's motion for summary judgment, on November 27, 2006. We move to strike these paragraphs because they contain proposed findings of fact that are irrelevant and immaterial to defendant's motion for summary judgment.

We filed our motion for summary judgment on October 27, 2006, upon res judicata grounds, arguing that the claims brought in plaintiff's complaint before this Court either were fully litigated or should have been litigated in previous litigation between the parties before the Armed Services Board of Contract Appeals ("ASBCA"). RCFC 56(h)(1) requires a party moving for summary judgment to submit proposed findings of uncontroverted fact containing concise, separately numbered paragraphs, setting forth all the material upon which the party bases its motion for summary judgment and to which the party believes there is no genuine dispute. RCFC 56(h)(2) requires a party responding to a motion for summary judgment to respond to each paragraph of the moving party's proposed findings of uncontroverted fact and also permits the non-moving party to file additional proposed findings of uncontroverted fact "as

to any relevant matters not covered by the moving party's statement." RCFC 56(h)(2) (emphasis added).

On November 27, 2006, along with its response to our motion for summary judgment, plaintiff, in accordance with the rules, submitted its response to our proposed findings of uncontroverted fact. Additionally, plaintiff submitted its own proposed findings of uncontroverted fact, totaling 125 paragraphs. We do not dispute that the first 21 paragraphs are relevant to the motion for summary judgment, and we address each of those in our response filed today. However, paragraphs 22 through 125 are merely a restatement of the allegations contained in plaintiff's complaint before this Court and are not relevant or material to our motion for summary judgment upon res judicata grounds. These allegations are outside the scope of our motion for summary judgment and pertain to the merits of plaintiff's claims before this Court. Most of these allegations were denied by the Government in our answer to plaintiff's complaint. Paragraphs 22 through 125 of plaintiff's proposed findings of uncontroverted fact are not "outcome determinative" for the issues raised in our motion for summary judgment. Disputes over facts which are not outcome determinative under the governing law will not preclude the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Plaintiff has not filed a cross-motion for summary judgment upon the merits of its claims before this Court. It has only responded in opposition to our motion for summary judgment upon res judicata grounds. In order for the Government to respond to the merits of plaintiff's allegations, we would need to conduct discovery in this matter. The parties have previously agreed to defer discovery until the Court rules upon the Government's motion for summary judgment upon res judicata grounds. See Joint Preliminary Status Report ("JPSR"), filed on

September 21, 2006.

Because paragraphs 22 through 125 of plaintiff's proposed findings of uncontroverted fact are outside the scope of our pending motion for summary judgment, and immaterial and irrelevant to that motion, we respectfully request that the Court strike these paragraphs from plaintiff's proposed findings of uncontroverted fact. Should the Court find that these paragraphs are relevant and material to the pending motion for summary judgment, we respectfully request that we be given a period of at least 30 days to respond to paragraphs 22 through 125 of plaintiff's proposed findings of uncontroverted fact, and the ability to request discovery, if needed.

For these reasons, we respectfully request that the Court grant our motion to strike paragraphs 22 through 125 of plaintiff's proposed findings of uncontroverted fact, filed on November 27, 2006.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

OF COUNSEL:

AUDREY VANDYKE
Associate Counsel (Litigation)
Naval Facilities Engineering Command
Litigation Office - Building 36
720 Kennon Street, S.E., Room 136
Washington Navy Yard, D.C. 20374

s/Dawn S. Conrad
DAWN S. CONRAD
Trial Attorney
Civil Division
Commercial Litigation Branch
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 616-2279
Fax: (202) 305-7643

electronically filed
December 11, 2006

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of December, 2006, a copy of the foregoing "DEFENDANT'S MOTION TO STRIKE PARAGRAPHS 22 THROUGH 125 OF PLAINTIFF'S PROPOSED FINDINGS OF UNCONTROVERTED FACT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Dawn S. Conrad