# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PHILLIPS/MAY CORPORATION | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CASE NO. **06-47**C |
| | § | |
| UNITED STATES OF AMERICA | § | (Judge Miller) |
| | § | |
| Defendant | § | |

## PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PARAGRAPHS 22 THROUGH 125 OF PLAINTIFFS' PROPOSED FINDINGS OF UNCONTROVERTED FACT

Pursuant to Rule 12(b) & (d) of the Rules of the United States Court of Federal Claims, ("RCFC"), plaintiff, Phillips/May Corporation (P/MC), respectfully submits this motion in opposition of striking paragraphs 22 through 125 of its proposed findings of uncontroverted fact.

Plaintiff filed its response to defendant's motion for summary judgment based on the legal theories of *res judicate* and issue preclusion on November 27, 2006. As part of its response and pursuant to RCFC 56(h)(2), plaintiff submitted additional proposed findings of uncontroverted fact which defendant had not proposed in its own proposed finding of uncontroverted fact. Rule 56(h)(2) specifically states that the opposing party (Plaintiff in this case) could file proposed

findings of uncontroverted fact as to any relevant matters not covered by the moving party's (Defendant) statement.

Plaintiff believes paragraphs 22 through 125 of its proposed findings of uncontroverted fact are relevant to the motion filed for summary judgment ("the motion").

"The motion" states that plaintiff has tried or should have tried all its issues arising out of the contract under which this lawsuit was brought before the ASBCA. Plaintiff has adequately explained in its response to "the motion" why this was not correct. As to the issue here, (striking paragraphs 22 - 125), these paragraphs are relevant because defendant's position claims all these issues have been tried or should have been tried. Hence, they are all relevant because all the records and support provided show none of these matters listed in paragraphs 22 - 125 were ever tried and/or decided by the ASBCA. Further, plaintiff's response to "the motion" explains why these same matters could not have been tried because of the Contract Disputes Act of 1978.

In other words, paragraphs 22 - 125 are relevant because of their absence to the litigation before the ASBCA relied on by defendant.

Pragmatically, another reason for not striking paragraphs 22 - 125 from plaintiff's proposed findings of uncontroverted fact is that the sooner those facts are recognized the sooner this entire lawsuit will be resolved. Defendant has neither facts

nor witnesses to controvert paragraphs 22 - 125. By approving these uncontroverted facts (paragraphs 22 - 125), the Court will be expediting the judicial process of this case, thereby eliminating unnecessary additional time and expense for the Court and both parties.

For the reasons stated, plaintiff respectfully requests the Court to deny defendant's motion to strike paragraphs 22 through 125 of plaintiff's proposed finding of uncontroverted fact.

Respectfully submitted,

DAVID A. TOMLINSON
5716 Tee Box Court
Granbury, Texas 76049
817-578-8199
Attorney of Record for Plaintiff
PHILLIPS/MAY CORPORATION

Electronically filed
January 12, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of January 2007, a copy of the foregoing "**PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PARAGRAPHS 22 THROUGH 125 OF PLAINTIFFS' PROPOSED FINDINGS OF UNCONTROVERTED FACT"** was filed electronically**.**

I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

**s/David A. Tomlinson**