**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PHILLIPS/ MAY CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-47C |
| | ) | (Judge G. Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE PARAGRAPHS 22 THROUGH 125 OF PLAINTIFF'S PROPOSED FINDINGS OF UNCONTROVERTED FACT**

Pursuant to Rule 7.2(b) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits this reply in support of its motion to strike paragraphs 22 through 125 of plaintiff's proposed findings of uncontroverted fact, filed on December 11, 2006. We moved to strike these proposed findings of fact because they contain information that is immaterial or irrelevant to defendant's motion for summary judgment, filed on October 27, 2006.

On January 12, 2007, plaintiff, Phillips/May Corporation ("PMC"), filed a response in opposition to our motion upon the grounds that its proposed findings of fact, paragraphs 22 through 125, are "relevant" to defendant's motion for summary judgment. PMC argues that paragraphs 22 through 125 are relevant because defendant contends that "all these issues have been tried or should have been tried" before the Armed Services Board of Contract Appeals ("ASBCA"). Pl. Opp. at 2.[1] PMC also states that these paragraphs are relevant "because of their absence to the litigation before the ASBCA relied on by defendant." Id. Additionally, PMC further contends that "the sooner those facts are recognized the sooner this entire lawsuit will be

[1] "Pl. Opp. __" refers to plaintiff's motion in opposition to defendant's motion to strike paragraphs 22 through 125 of plaintiffs' proposed findings of uncontroverted fact.

resolved. . . . By approving these uncontroverted facts (paragraph 22-125), the Court will be expediting the judicial process of this case, thereby eliminating unnecessary additional time and expense for the Court and both parties." Pl. Opp. at 2-3.

As we argued in our motion to strike, paragraphs 22 through 125 are merely a restatement of the allegations contained in plaintiff's complaint before this Court and are not relevant or material to our motion for summary judgment upon res judicata grounds. See Def. Mot. at 2.[2] These allegations are outside the scope of our motion for summary judgment and pertain to the merits of plaintiff's claims before this Court. Whether the factual allegations in paragraphs 22 through 125 are disputed or undisputed by the Government is not material to determining whether they were presented or should have been presented to the ASBCA in prior litigation between the parties.

We submit that the main reason plaintiff included these paragraphs in its proposed findings of uncontroverted fact was the second reason mentioned by plaintiff in its opposition to our motion to strike. See Pl. Opp. at 2-3. Plaintiff seeks to "move things along" by forcing the Government to admit or deny every allegation in the complaint without the parties conducting discovery. However, as noted in our motion to strike, plaintiff has not filed a cross-motion for summary judgment. Def. Mot. at 2. It has only responded to the Government's motion for summary judgment. Because PMC has not filed its own motion for summary judgment, it cannot seek to "move things along" by forcing the Government to respond to proposed findings of fact, which are outside of the scope of the Government's motion for summary judgment.

[2] "Def. Mot.__" refers to defendant's motion to strike paragraphs 22 through 125 of plaintiff's proposed findings of uncontroverted fact.

For these reasons and the reasons stated in our motion to strike, we respectfully request that the Court strike paragraphs 22 through 125 of plaintiff's proposed findings of uncontroverted fact. Should the Court find that these paragraphs are relevant and material to the pending motion for summary judgment, we respectfully request that we be given a period of at least 30 days to respond to paragraphs 22 through 125 of plaintiff's proposed findings of uncontroverted fact, and the ability to request discovery, if needed.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Dawn S. Conrad
DAWN S. CONRAD
Trial Attorney
Civil Division
Commercial Litigation Branch
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 616-2279
Fax: (202) 305-7643

Attorneys for Defendant

OF COUNSEL:

AUDREY VANDYKE
Associate Counsel (Litigation)
Naval Facilities Engineering Command
Litigation Office - Building 36
720 Kennon Street, S.E., Room 136
Washington Navy Yard, D.C. 20374

electronically filed
January 22, 2007

CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of January, 2007, a copy of the foregoing "DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE PARAGRAPHS 22 THROUGH 125 OF PLAINTIFF'S PROPOSED FINDINGS OF UNCONTROVERTED FACT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Dawn S. Conrad