# In the United States Court of Federal Claims

No. 06-47 C
Filed April 19, 2007
TO BE PUBLISHED

| | |
|---|---|
| PHILLIPS/MAY CORPORATION, Plaintiff, v. THE UNITED STATES, Defendant. | Motion for summary judgment, RCFC 56(c), appeal of decision by Contracting Officer, *res judicata*, claim preclusion, same transactional facts |

David A. Tomlinson, Granbury, TX, for plaintiff.

Dawn S. Conrad, Trial Attorney, Harold D. Lester, Jr., Assistant Director, David M. Cohen, Director, Peter D. Keisler, Assistant Attorney General, United States Department of Justice, Washington, D.C., for defendant. Tracy M. Humphrey, Senior Trial Attorney, Naval Facilities Engineering Command, of counsel.

## OPINION AND ORDER

GEORGE W. MILLER, Judge.

This matter is before the Court on defendant's motion for summary judgment. Defendant filed its motion for summary judgment ("Def.'s Mot.," docket entry 17) on October 27, 2007. Plaintiff Phillips/May Corporation filed its response to defendant's motion for summary judgment ("Pl.'s Resp.," docket entry 23) on November 27, 2007. Defendant filed its reply in support of its motion for summary judgment ("Def.'s Reply," docket entry 26) on December 11, 2007.

For the reasons set forth below, the Court grants defendant's motion for summary judgment.

## *BACKGROUND*[1]

On April 11, 2001, plaintiff was awarded Contract No. N62467-01-D-0257 ("Contract"), for the design, labor, materials, and equipment necessary to construct the Religious Ministry Facility at the Naval Air Station-Joint Reserve Base ("NAS-JRB") in Fort Worth, Texas. Def.'s PFUF ¶¶ 1–2. Plaintiff was responsible for the rehabilitation of an existing chapel as well as for building a new one-story brick building of approximately 5,700 square feet next to the existing chapel. Pl.'s PFUF ¶ 1. The Notice to Proceed on the Contract was issued on May 23, 2001, and the work was to be completed in 256 calendar days. *Id.* ¶¶ 2–3. Ultimately, however, plaintiff completed, and the NAS-JRB accepted, the Religious Ministry Facility on June 24, 2003, over 800 days after plaintiff began work. *Id.* ¶¶ 4–5; Def.'s PFUF ¶ 4.

Plaintiff was paid $1,229,385.30 for its work under the Contract. The Contract originally provided for payment of $1,197,333.00, and plaintiff received an additional $32,052.30 because of contract modifications. Def.'s PFUF ¶ 3.

On November 7, 2003, plaintiff submitted to the Contracting Officer ("CO") at NAS-JRB a certified claim for "delay, mal-administration of the contract, over-zealous inspection and impossibility." Pl.'s PFUF ¶ 6. As of January 2006, the CO had not issued a final decision on plaintiff's certified claim. Compl. ¶ 7. Plaintiff deemed the CO's failure to act to constitute a denial of its claim, pursuant to the Contract Disputes Act ("CDA"), 41 U.S.C. § 605(c)(5) (2000), and filed an appeal of that deemed denial in this Court on January 19, 2006. Compl. 1.

In addition, between July 10, 2003, and November 12, 2003, plaintiff submitted to the CO nine other claims related to its work under the Contract. Def.'s App. 1–41. The CO failed to act on any of the other nine claims and so, between October 5, 2003, and January 29, 2004, plaintiff appealed each of those nine claims to the Armed Services Board of Contract Appeals ("ASBCA"). *Id.* In accordance with the ASBCA's rules, plaintiff elected to have its claims tried pursuant the Small Claims Accelerated Procedure set out in Rule 12.1 of the ASBCA's rules, which applies to claims of less than $100,000, and requires the ASBCA to render its decision within 180 days. Pl.'s Resp. 7; 41 U.S.C. § 607(f); *see, e.g.*, Def.'s App. 4.

The parties settled one of the nine appeals while it was pending before the ASBCA. Def.'s PFUF ¶ 7. Administrative Judge John I. Coldren, III, heard the other eight appeals in Fort Worth, Texas, between March 29, 2004, and April 2, 2004. *Id.* In each of the eight appeals, plaintiff sought compensation for costs incurred, due to the alleged conduct of the Government,

---

[1] The facts set forth herein do not constitute findings of fact by the Court. They are undisputed except where noted and are drawn principally from defendant's proposed findings of uncontroverted fact ("Def.'s PFUF," docket entry 18) filed October 27, 2006, plaintiff's proposed findings of uncontroverted fact ("Pl.'s PFUF," docket entry 24) filed November 27, 2006, and the appendix to defendant's motion for summary judgment ("Def.'s App.," docket entry 20) filed October 27, 2006.

while performing the Contract. In those appeals, plaintiff demanded recompense for: (1) the Navy's alleged delay in accepting the Phase I construction (ASBCA No. 54331); (2) delay caused by the Navy's alleged failure to timely repair a leaking gas line (ASBCA No. 54332); (3) delays caused by various modifications to the Contract (ASBCA No. 54333); (4) delay caused by the Navy's alleged failure to timely respond to a differing site condition encountered by plaintiff while installing chilled water lines (ASBCA No. 54349); (5) delay caused by the redesign of the Religious Ministry Facility (ASBCA No. 54393); (6) the 42-day extension necessitated by changes to the fire alarm control panel (ASBCA No. 54394); (7) delay caused by changes to the design of the foundation allegedly required by the Government (ASBCA No. 54484); and (8) delay resulting from miscellaneous other changes allegedly made to the Contract (ASBCA 54421). Pl.'s Resp. 3; Def.'s PFUF ¶¶ 9–47; Def.'s App. 1–41. Judge Coldren issued a bench decision in each of the appeals. Def.'s PFUF ¶ 8.

Although plaintiff raised a claim of over-zealous inspection during the hearing on ASBCA No. 54331, the ASBCA decision did not rule on that claim, and over-zealous inspection was not addressed in any of the other appeals. Pl.'s PFUF ¶¶ 10–13. Similarly, plaintiff did not present, and the ASBCA did not consider, any claims related to mal-administration or impossibility of performance of the Contract. *Id.* ¶¶ 14–21.[2]

On April 10, 2006, the parties filed a joint motion for suspension of proceedings in this case (docket entry 7), which this Court granted on April 11, 2006 (docket entry 8), in order to allow the CO to issue a final decision on plaintiff's claims submitted on November 7, 2003. On June 9, 2006, the CO rendered a final decision, denying in their entirety plaintiff's claims for delay, mal-administration of the Contract, over-zealous inspection, and impossibility. Pl.'s PFUF ¶ 8.

## ***DISCUSSION***

### I. Standard of Review

The Court may grant summary judgment if the record shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c) of the Rules of the United States Court of Federal Claims ("RCFC"); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A fact is material if it might affect the outcome of the suit. *Liberty Lobby*, 477 U.S. at 248.

---

[2] Defendant disagrees with plaintiff's assertion that the ASBCA did not rule on the issue of over-zealous inspection or consider plaintiff's claims related to mal-administration or impossibility. Def.'s Resp. to Pl.'s PFUF (docket entry 27) ¶¶ 9–21. For purposes of a motion for summary judgment, however, "[a]ny doubt over factual issues must be resolved in favor of the party opposing summary judgment, to whom the benefit of all presumptions and inferences runs." *Doe v. United States*, 48 Fed. Cl. 495, 500 (2000) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986)).

"The moving party bears the burden of demonstrating the absence of a genuine question of material fact . . . ." *O'Connor v. United States*, 308 F.3d 1233, 1240 (Fed. Cir. 2002) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The Court must view the evidence in the light most favorable to the nonmovant and resolve all doubts in the nonmovant's favor. *Id*. (citing *Liberty Lobby*, 477 U.S. at 255). The movant may also discharge its burden by "demonstrat[ing] that there is an absence of evidence to support the nonmoving party's case." *Doe*, 48 Fed. Cl. at 500 (citing *Celotex*, 477 U.S. at 325). Once the movant has met its burden, the nonmovant must "proffer countering evidence sufficient to create a genuine factual dispute" in order to avoid summary judgment. *Sweats Fashions, Inc. v. Pannill Knitting Co.*, 833 F.2d 1560, 1562 (Fed. Cir. 1987). The nonmovant may not rely upon its pleadings or conclusory allegations to demonstrate a factual dispute, but rather must set forth specific facts that establish an issue for trial, by affidavit or otherwise, such that the trier of fact could reasonably find in the nonmovant's favor. *Bromley Contracting Co. v. United States*, 15 Cl. Ct. 100, 105 (1988).

## II. ***Res Judicata***

Defendant argues that plaintiff is precluded from litigating its claims in this Court because the claims are barred by the doctrine of *res judicata*. Def.'s Mot. 7. Although plaintiff chose not to raise its claims of over-zealous inspection, mal-administration of the Contract, and impossibility before the ASBCA, defendant argues that it could have, and thus *res judicata* precludes litigation of those claims, as well as the claims actually litigated before the ASBCA. Def.'s Reply 2–3.

Plaintiff replies that *res judicata* cannot preclude its suit because, in order for *res judicata* to apply, both its action before the ASBCA and before this Court must be "based on the same claims or causes of action." *Black Clawson Co. v. Kroenert Corp.*, 245 F.3d 759, 763 (8th Cir. 2001). Plaintiff argues that this suit involves neither the same claims nor the same causes of action as it advanced before the ASBCA.[3] Pl.'s Resp. 3–4. Plaintiff further argues that "[t]he inquiry must always be as to the point or question actually litigated and determined in the original action; not what might have been thus litigated and determined." *Id.* at 4 (quoting *United States v. Burch*, 294 F.2d 1, 5 (5th Cir. 1961). Plaintiff also argues that not only did the ASBCA not decide its over-zealous inspection, mal-administration, and impossibility claims,

---

[3] The Court of Claims, whose decisions have been adopted as precedent by the Federal Circuit, *see S. Corp. v. United States*, 690 F.2d 1368, 1369 (Fed. Cir. 1982) (en banc), has "held that, normally, a single claim . . . arises out of each single, indivisible contract." *Container Transp. Int'l, Inc. v. United States*, 199 Ct. Cl. 713, 717, 468 F.2d 926, 928 (1972) (citing *Nager Electric Co. v. United States,* 177 Ct. Cl. 234, 245–49, 254, 368 F. 2d 847, 855–57, 861 (1966)). Furthermore, in its claim preclusion jurisprudence, the Federal Circuit refers to a *claim* rather than a *cause of action*. "In some instances, a 'cause of action' may be the equivalent of a 'claim,' but generally, reference to a 'cause of action' in this connection leads to consideration of what have come to be regarded as irrelevant matters." *Young Eng'rs, Inc. v. United States Int'l Trade Comm'n*, 721 F.2d 1305, 1314 n.6 (Fed. Cir. 1983).

but, under the CDA, it did not possess jurisdiction to hear those claims. *Id.* at 6–7. Therefore, according to plaintiff, "[t]here exist genuine issues of fact that are material to the outcome of this Court action and which are both un-litigated and undecided," and so granting defendant's motion for summary judgment would be inappropriate. *Id.* at 8.

The Court of Federal Claims is bound to follow the precedent of the United States Court of Appeals for the Federal Circuit. *See Crowley v. United States*, 398 F.3d 1329, 1335 (Fed. Cir. 2005) ("Our analysis . . . is governed by our relevant precedent. That precedent is binding on this court as it is binding on the Court of Federal Claims."). The Federal Circuit does not employ the narrow definition of *res judicata* plaintiff asserts should control the resolution of this case. Rather, the Federal Circuit defines *res judicata* as "consist[ing] of two preclusion concepts: 'issue preclusion' and 'claim preclusion.'" *Carson v. Dep't of Energy*, 398 F.3d 1369, 1375 n.8 (Fed. Cir. 2005) (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984)). In describing the difference between issue and claim preclusion, the Federal Circuit explains:

> Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided. This effect is also referred to as direct or collateral estoppel. Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit. Claim preclusion therefore encompasses the law of merger and bar.

*Sharp Kabushiki Kaisha v. Thinksharp, Inc.*, 448 F.3d 1368, 1370 (Fed. Cir. 2006) (quoting *Migra*, 465 U.S. at 77 n.1). I

Plaintiff relies upon *Burch* for the proposition that, in order to foreclose relitigation, a claim must have been actually litigated and determined in the prior proceeding. Pl.'s Resp. 4–5. In *Burch*, however, the Court of Appeals for the Fifth Circuit was solely concerned with the collateral estoppel aspect of *res judicata*; the court explained that, while *res judicata* encompassed collateral estoppel, there were differences between the two. "Res judicata, strictly speaking, applies when a second suit on the same cause of action arises between the same parties. It precludes the litigation in the second suit not only of all issues that were raised in the first but of all issues that could have been raised by the parties in that proceeding." *Burch*, 294 F.2d at 5 n.4.

The claims raised in the present case were not litigated in the ASBCA proceedings and, therefore, collateral estoppel does not foreclose their relitigation. However, this Court must determine whether plaintiff's claims are precluded by the claim preclusion aspect of *res judicata*. In determining whether claim preclusion functions to bar a party's claim, the Federal Circuit employs a transactional approach. *See, e.g., Ind. Mich. Power Co. v. United States*, 422 F.3d 1369, 1377–78 (Fed. Cir. 2005) ("[T]he doctrine of res judicata . . . in its claim preclusion form[] provides that final judgment on a claim extinguishes 'all rights of the plaintiff to remedies

against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.'" (quoting *Young Eng'rs*, 721 F.2d at 1314)).

*Res judicata* is not invoked solely as a result of prior judicial decisions; when an administrative agency acts in a judicial capacity, permitting the parties to fully litigate their claims, its final determination is also accorded *res judicata* effect. *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 107 (1991); *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 485 n.26 (1982); *Sharp Kabushiki Kaisha*, 448 F.3d at 1372; *Bio-Tech. Gen. Corp. v. Genentech, Inc.*, 80 F.3d 1553, 1563 (Fed. Cir. 1996) (citing *Univ. of Tenn. v. Elliott*, 478 U.S. 788, 797–99 (1986)); *Zoeller v. United States*, 65 Fed. Cl. 449, 457 (2005). The Court of Federal Claims has recognized that decisions of the ASBCA preclude, on *res judicata* grounds, the litigation of claims in this court that should have been litigated before the ASBCA. *See, e.g.*, *Zoeller*, 65 Fed. Cl. at 456–57; *Ingalls Shipbuilding, Inc. v. United States*, 21 Cl. Ct. 117, 122–25 (1990).

In applying the claim preclusion aspect of *res judicata* where the current claim was not litigated in the prior proceeding, "there must be (1) an identity of parties or their privies, (2) a final judgment on the merits of the prior claim, and (3) the second claim must be based on the same transactional facts as the first and should have been litigated in the prior case." *Sharp Kabushiki Kaisha*, 448 F.3d at 1370 (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 n.5 (1979)).

Plaintiff does not argue, as indeed it could not, that the ASBCA appeals involved different parties or that there was no final judgment on the merits of the claims presented to the ASBCA. *See* Pl.'s Resp. 3–4. Each of the eight appeals decided by the ASBCA involved claims by plaintiff against the Government, plaintiff had a full opportunity to litigate each of its appeals, and each of the appeals resulted in a valid final judgment. In order to preclude summary judgment plaintiff must, therefore, demonstrate that its current claims are not based on the same transactional facts as its earlier claims.

Whether plaintiff's claims are based on a common set of transactional facts must be determined pragmatically. *Jet, Inc. v. Sewage Aeration Sys.*, 223 F.3d 1360, 1363 (Fed. Cir. 2000) (citing RESTATEMENT (SECOND) OF JUDGMENTS § 24(2) (1982)). "'In deciding what factual grouping constitutes a transaction, and what groupings make a series of connected transactions,' a court should consider 'whether the facts are related in time, space, motivation or the like . . . .'" *Zacharin v. United States*, 43 Fed. Cl. 185, 195 (1999) (quoting *Container Transp. Int'l, Inc. v. United States*, 199 Ct. Cl. 713, 718, 468 F.2d 926, 929 (1972)). "Seeking to bring additional clarity to this standard, courts have defined 'transaction' in terms of a 'core of operative facts,' the 'same operative facts,' or the 'same nucleus of operative facts,' and 'based on the same, or nearly the same factual allegations.'" *Ammex, Inc. v. United States*, 334 F.3d 1052, 1056 (Fed. Cir. 2003) (quoting *Herrmann v. Cencom Cable Assocs., Inc.*, 999 F.2d 223, 226 (7th Cir. 1993)).

Plaintiff's claims in this case and in its appeals before the ASBCA all grow out of its work under the Contract, which took place over a little more than two years. The relevant actions all occurred at the NAS-JRB in Fort Worth, Texas. Furthermore, the claims are all based on the same, or nearly the same, factual allegations, that is, that the Government's failure to timely act and its penchant for changing the design led to delays for which plaintiff contends it is entitled to be compensated. Plaintiff is correct that the specific claims it raises before this Court differ from the claims it raised in its ASBCA appeals. However, its previous and current claims arise out of a common set of transactional facts.

Still, plaintiff urges, this Court should not grant defendant's motion for summary judgment because, under the CDA, it could not have raised its claims for mal-administration of the contract, over-zealous inspection, and impossibility in its ASBCA appeals. Plaintiff argues that it could not have raised those claims because (1) the ASBCA did not have jurisdiction to hear matters on appeal that were not the subject of a CO's decision or deemed decision, and (2) because plaintiff had elected to use the Small Claims Accelerated Procedure, it could not bring before the ASBCA a claim for more than $100,000. Pl.'s Resp. 7–8.

To plaintiff's first point, defendant replies that the ASBCA *did* have jurisdiction to hear these claims; plaintiff, however, chose not to present them. To its second point, defendant replies that plaintiff was not required to use the Small Claims Accelerated Procedure—it could have instead consolidated all of its claims, albeit not under the Accelerated Procedure. Def.'s Reply 4–5. Under the CDA, plaintiff could have treated the CO's lack of response to its November 7, 2003, claims as a deemed denial as of January 6, 2004, 41 U.S.C. § 605(c)(5), and appealed that deemed denial to the ASBCA along with its appeals of the nine other deemed denials. Plaintiff's "litigative tactical decision" to separate its claims and appeal all except the claims asserted in this action to the ASBCA "is not equivalent to being unable to bring all claims before the ASBCA for jurisdictional reasons. The [ASBCA] would have possessed jurisdiction to entertain all of [plaintiff's] claims, and [plaintiff] should have raised them all at the same time." Def.'s Reply at 5. Although the ASBCA could not hear matters which plaintiff had not appealed, had plaintiff chosen to appeal the claims asserted in this action to the ASBCA, resolution of those claims would have been within the jurisdiction of the ASBCA.

## *CONCLUSION*

Because plaintiff's claims before this Court are based upon the same transactional facts as its nine appeals to the ASBCA, eight of which were decided on the merits, plaintiff is barred from litigating them in this action by the claim preclusion aspect of *res judicata*. *Pactiv Corp. v. Dow Chem. Co.*, 449 F.3d 1227, 1230 (Fed. Cir. 2006) ("[T]he defense of claim preclusion will generally be available where the asserted claim was, or could have been, raised in a prior action between the parties which has been adjudicated on the merits."). That is, the prior judgments of the ASBCA bar this action. Accordingly, defendant's motion for summary judgment pursuant to RCFC 56(c) is GRANTED. The Clerk is directed to enter judgment in favor of defendant.

In light of the Court's granting defendant's motion for summary judgment, the Court DENIES as moot defendant's motion to strike paragraphs 22 through 125 of plaintiff's proposed findings of uncontroverted fact (docket entry 28) filed December 11, 2006.

IT IS SO ORDERED.

s/ George W. Miller
GEORGE W. MILLER
Judge