**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PHILLIPS/MAY CORPORATION | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CASE NO. **06-47**C |
| | § | |
| UNITED STATES OF AMERICA | § | (Judge Miller) |
| | § | |
| Defendant | § | |

**PLAINTIFF'S MOTION FOR RECONSIDERATION**

DAVID A. TOMLINSON
5716 Tee Box Court
Granbury, Texas 76049
817-578-8199
Attorney of Record for Plaintiff
PHILLIPS/MAY CORPORATION

Electronically filed
April 30, 2007

# TABLE OF CONTENTS

| | Page No. |
|---|---|
| TABLE OF AUTHORITIES | iii – vi |
| PLAINTIFF'S MOTION FOR RECONSIDERATION | 1 |
| PLAINTIFF'S BRIEF STATEMENT OF THE ISSUES | 2 |
| INTRODUCTION | 3 |
| 1. ELECTION DOCTRINE | 3 |
| 2. CLAIM PRECLUSION | 5 |
| 3. FAIRNESS / DUE PROCESS | 9 |
| 4. COMMENTS ON CASES AND CONCLUSIONS | 12 |
| FINAL SUMMARY | 16 |
| CONCLUSION | 17 |

# TABLE OF AUTHORITIES

**Page No.**

**Am.Telecom Corp. v. United States**
59 Fed.Cl. 467, 471 (2004)________________________________ 4

**Ammex, Inc. v. United States**
334 F.3d 1052, 1055 (2003)_______________________________ 5, 6, **7**

**Anderson v. Liberty Lobby, Inc.**
477 U.S. 242, 247-48 (1986)______________________________ 12, 16

**Astoria Fed. Sav. & Loan Ass'n v. Solimino**
501 U.S. 104, 107, 111 S.Ct. 2166, 115 L.Ed.2d 96 (1991)____ 9

**Bonneville Assocs. v. United States**
43 F.3d 649, 655 (Fed.Cir.1994)___________________________ 4

**Brown v. Felsen**
442 U.S. 127, 132, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979)_____ 10

**Federated Dep't Stores, Inc. v. Moitie**
452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981)____ 5

**Herrmann v. Cencome Cable Assoc., Inc.**
999 F.2d 223, 226 (7th Cir.1993)___________________________ 6

**Ingalls Shipbuilding v. United States**
21 Cl.Ct. 117, 123 (1990)________________________________ 13, 14

**Jet, Inc. v. Sewage Aeration Sys.**
223 F.3d 1360, 1362 (Fed.Cir.2000)________________________ 6

**Kearns v. Gen. Motors Corp.**
94 F.3d 1553, 1557 (Fed.Cir.1996)_________________________ 10

# TABLE OF AUTHORITIES

**Page No.**

**Kremer v. Chemical Construction Corporation**
456 U.S. 461, 485 n. 26, 102 S.Ct. 1883,
72 L.Ed.2d 262 (1982)__________ 10, 11

**Lawlor v. Nat'l Screen Serv. Corp.**
349 U.S. 322, 326, 75 S.Ct. 865, 99 L.Ed. 1122 (1955)__________ 6

**Mayer/Berkshire Corp. v. Berkshire Fashions, Inc.**
424 F.3d 1229, 1234 (Fed.Cir.2005)__________ 10

**Migra v. Warren City School District Board of Education**
465 U.S. at 77 n.1 (1984)__________ 13
**Montana v. United States**
440 U.S. 147, 163-64, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979)__________ 11

**Nat'l Labor Relations Bd. v. Thalbo Corp.**
171 F.3d 102, 109 (2d Cir.1999)__________ 11

**Nat'l Neighbors, Inc. v. United States**
839 F.2d 1539, 1541-42 (Fed.Cir.1988)__________ 4

**Nevada v. United States**
463 U.S. 110, 128-30, 103 S.Ct. 2906,
77 L.Ed.2d 509 (1983)__________ 6

**Pactiv Corporation v. Dow Chemical Company**
449 F.3d 1227 (2006) at page 1233__________ 10

**Paragon Energy Corporation v. United States**
645 F.2d 966 (1981)__________ 3

## TABLE OF AUTHORITIES

**Page No.**

**Parklane Hosiery Co. v. Shore**
439 U.S. 322, 326 n.5, 99 S.Ct. 645,
58 L.Ed.2d 552 (1979)____________________ 6

**Parsons Steel, Inc. v. First Ala. Bank**
474 U.S. 518, 521, 106 S.Ct. 768, 88 L.Ed.2d 877 (1986)______ 6

**Russell v. Place**
94 U.S. 606, 610, 24 L.Ed. 214 (1877)____________________ 10

**Sharp Kabushiki Kaisha v. ThinkSharp, Inc.**
448 F.3d 1368, 1372 (2006)____________________ 9, 13

**Tuttle/White Constructors, Inc. v. United States**
228 Ct.Cl. 354, 656 F.2d 644, 647, 649 (1981)______________ 4

**United States v. Haytian Republic**
154 U.S. 118, 125, 14 S.Ct. 992, 38 L.Ed. 930 (1984)_________ 6

**United States v. Utah Constr. & Mining Co.**
384 U.S. 394, 422, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966)______ 9, 14

**Young eng'rs, Inc. v. United States Int'l Trade Comm'n**
721 F.2d 1305, 1314 (Fed.Cir.1983)____________________ 5, 8, 9

**Zacharin v. United States**
43 Fed.Cl. 185, 196 (1999)____________________ 7, 8

**Zoeller v. U.S.**
65 Fed. Cl. 449, 455-457 (2005)____________________ 3, 7, 9, 14, 15, 16

# TABLE OF AUTHORITIES

**Page No.**

## STATUTES

41 U.S.C. § 605(a) 3

41 U.S.C. § 605(b) 3

41 U.S.C. § 609(a)(1) 4

28 U.S.C. § 1738 11

## RESTATEMENTS

**Restatement (Second) of Judgments**

§ 24 6

§ 26(c) (1980) 8

§ 28 amt j. 11

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PHILLIPS/MAY CORPORATION | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CASE NO. **06-47**C |
| | § | |
| UNITED STATES OF AMERICA | § | (Judge Miller) |
| | § | |
| Defendant | § | |

**PLAINTIFF'S MOTION FOR RECONSIDERATION**

Pursuant to Rule 59(a)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiff, Phillips/May Corporation, respectfully submits this Motion for reconsideration. In support of this motion, plaintiff relies upon the Court's Opinion and Order dated April 19, 2007, amended April 23, 2007, as well as applicable statutory and case law cited in the motion.

# PLAINTIFF'S BRIEF

## STATEMENT OF THE ISSUES

1. Can summary judgment be granted where there are genuine issues of fact remaining?
2. Is an appeal necessary to establish jurisdiction for a claim under the Contract Disputes Act (CDA)?
3. Who chooses the forum for an appeal under the CDA?
4. Can anyone other than the claimant choose the forum for its appeal under the CDA?
5. Can *res judicata* (claim preclusion) apply to a new cause of action not previously heard in an earlier case?
6. Must a party have an adequate opportunity to litigate at the first hearing before claim preclusion can apply in a second hearing?
7. Must a second claim be based on the same cause of action as the first claim before claim preclusion can apply?
8. If the second claim is based on different facts than the first claim, can claim preclusion apply to the second claim?
9. If a party is prevented from raising an issue at the first hearing, can claim preclusion be applied to this same issue at a second hearing?
10. Is it a violation of due process to use claim preclusion to prevent a party from trying an appeal never tried before?
11. Is it a violation of fairness to utilize claim preclusion to prevent a party from trying an appeal never tried before?
12. Is the denial of a full and fair opportunity to litigate, a defense to claim preclusion?

## INTRODUCTION

There are a number of reasons why the Opinion and Order dated April 19, 2007, amended April 23, 2007, rendered by the Court should be reversed.

## 1. ELECTION DOCTRINE

First and foremost, plaintiff and only plaintiff can elect the forum to which it appeals its claim. The defendant, Navy's conclusion cited on page 7, paragraph 3 of the Opinion and Order that the ASBCA had jurisdiction of the present claim is wrong. Jurisdiction is dependent upon an appeal.[1] There was no appeal, hence no forum had jurisdiction of the present claim until it was appealed to this Court on January 19, 2006 (page 2, paragraph 3, Opinion and Order).

Jurisdiction of a contract claim is established under the CDA as follows:

> Sec. 605(a) states "...all claims by a contractor against the government relating to a contract shall be in writing and shall be submitted to the contracting officer for a decision..." It further states, "...The contracting officer shall issue his decision in writing and shall mail or otherwise furnish a copy of the decision to the contractor..."
>
> Sec. 605(b) then states, "The contracting officer decision on the claim shall be final and conclusive not subject to review by any forum, or government agency, unless an appeal or suit is timely commenced..."

Only by following these exact steps set out in the CDA is jurisdiction to hear an appeal from a CO's final decision conveyed. *Paragon Energy Corporation v. United States,* 645 Fed2d 966 at 969 & 970 (1981).

Appealing or filing suit establishes jurisdiction. However, before appealing or filing suit, the claimant must elect the forum it wants to hear said appeal or suit. The U.S. Court of Federal Claims in the case of *Zoeller v. U.S.*, 65 Fed. Cl. 449, 455-457, (2005) explained how this "statutory" process works as follows:

---

[1]The Opinion and Order agrees there was no jurisdiction at the ASBCA. In the 3rd paragraph on page 7 it states "Although the ASBCA could not hear matters which plaintiff had not appealed,..."

> "A. Lack of Subject Matter Jurisdiction – Election of Forum
>
> [1] The Contract Disputes Act (CDA) permits contractors to appeal a contracting officer's final decision to this court or to appeal such a decision to an agency Board of Contract Appeals. 41 U.S.C. § 609(a)(1). The contractor, however, is required to elect one or the other forum. According to the United States Court of Appeals for the Federal Circuit, which reviews appeals from this court as well as from the Boards of Contract Appeals:
>
> It is well established that, pursuant to the Contract Disputes Act, a contractor wishing to contest an adverse final decision by the contracting officer either may appeal the contracting officer's adverse decision to the appropriate board of contract appeals or may contest the contracting officer's decision directly to the Claims Court. This choice has given rise to a body of jurisprudence known as the 'Election Doctrine.' The Election doctrine controls, as a matter of law the present appeal." [Emphasis added]
>
> "Once a contractor makes a binding election under the Election Doctrine to appeal the contracting officer's adverse decision to the appropriate board of contract appeals, that election must stand and the contractor can no longer pursue its claim in the alternate forum.
>
> *Nat'l Neighbors, Inc. v. United States*, 839 F.2d 1539, 1541-42 (Fed.Cir.1988) (citing *Tuttle/White Constructors, Inc. v. United States*, 228 Ct.Cl. 354, 656 F.2d 644, 647, 649 (1981) (footnote omitted); see also *Am.Telecom Corp. v. United States*, 59 Fed.Cl. 467, 471 (2004) ("The 'in lieu of' language in section 609)(a) clearly indicates that the contractor has a choice of forums but does not allow the contractor to pursue its claims before both forums.") (citing *Tuttle/White Constructors, Inc. v. United States*, 228 Ct.Cl. at 361, 656 F.2d at 649). For the election doctrine to apply, the contractor's choice of forum must be knowing, informed, and voluntary. *Bonneville Assocs. v. United States,* 43 F.3d 649, 655 (Fed.Cir.1994)." [Emphasis added]

The ASBCA did not have jurisdiction to rule on plaintiff's claim without an appeal to that Board. Further, it was plaintiff's choice to elect the forum it wanted to hear its appeal. Plaintiff elected the Court of Federal Claims, not the ASBCA.

The Court's conclusion in its Opinion and Order that plaintiff's claim is now barred because it didn't try the appeal before the ASBCA is in direct violation of the "Election Doctrine". This is plaintiff's choice, a voluntary choice. It was neither the Navy's choice nor the Court's choice.

## 2. **<u>CLAIM PRECLUSION</u>**

Claim preclusion does not apply to the present appeal. The Opinion and Order concludes a common set of transactional facts existed which means claim preclusion applies. The Opinion and Order didn't analyze these transactional facts, it simply reached the conclusion that claim preclusion applied.

Lets first look at these facts: According to the Court's Opinion and Order (page 3, paragraph 2), none of the eight claims tried before the ASBCA involved mal-administration or impossibility of performance of the contract and only one of the eight claims raised a claim of over-zealous inspection and this issue was not ruled on by the board. So the present appeal for mal-administration and impossibility of performance of the contract are brand new claims (new causes of action) and the appeal for over-zealous inspection for the balance of the contract is new, also. They are not comprised of the same facts as the other eight appeals tried before the ASBCA. Claim preclusion cannot apply.

The U.S. Court of Appeals for the Federal Circuit in the case of *Ammex, Inc. v. United States*, 334 F.3d 1052, 1055 (2003) provides an excellent discussion of when a cause of action should be joined in connection with claim preclusion how the facts are analyzed and the burden of proof necessary to sustain a defense of *res judicata*. First it states the doctrine of *res judicata* (or claim preclusion) as follows:

> "Under the doctrine of *res judicata* (or claim preclusion), '[a] final judgment <u>on the merits of an action</u> precludes the parties or their privies from relitigating issues that were or could have been raised in that action' *Federated Dep't Stores, Inc. V. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981); *see also Young eng'rs, Inc. v. United States Int'l Trade Comm'n*, 721 F.2d 1305, 1314 Court of Appeals (Fed.Cir.1983)...('Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit. Claim preclusion therefore emcompasses the law of merger and bar.'). Accordingly, to prevail on a claim of *res judicata,* the party asserting the bar must prove that (1) the parties are identical or in privity; (2) the first suit proceeded to a final judgment on the merits; and (3) the second claim is

> based on the same set of transactional facts as the first. *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326 n.5, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979); *Jet, Inc. v. Sewage Aeration Sys*., 223 F.3d 1360, 1362 (Fed.Cir.2000)." [Emphasis added]

One of the elements of proof, "the second claim is based on the same set of transactional facts as the first" fails. The following discussion from the *Ammex* case explains why the same set of transactional facts element fails in plaintiff's appeal:

> "[6] The Restatement notes that a common set of transactional facts is to be identified 'pragmatically'. Restatement (Second) of Judgments § 24. Seeking to bring additional clarity to this standard, courts have defined 'transaction' in terms of a 'core of operative facts,' the 'same operative facts,' or the 'same nucleus of operative facts,' and 'based on the same, or nearly the same factual allegations.' *Herrmann v. Cencome Cable Assoc., Inc.,* 999 F.2d 223, 226 (7th Cir.1993) (citing *Parsons Steel, Inc. v. First Ala. Bank,* 474 U.S. 518, 521, 106 S.Ct. 768, 88 L.Ed.2d 877 (1986); *see also Nevada v. United States,* 463 U.S. 110, 128-30, 103 S.Ct. 2906, 77 L.Ed.2d 509 (1983) (requiring courts to first determine whether the 'same cause of action' is being sued upon); *Lawlor v. Nat'l Screen Serv. Corp.,* 349 U.S. 322, 326, 75 S.Ct. 865, 99 L.Ed. 1122 (1955) ('[A] prior judgment is *res judicata* only as to suits involving the same cause of action.'); *United States v. Haytian* (sic) *Republic,* 154 U.S. 118, 125, 14 S.Ct. 992, 38 L.Ed. 930 (1984) ('One of the tests laid down for the purpose of determining whether or not the causes of action should have been joined in one suit is whether the evidence necessary to prove one cause of action would establish the other.')" [Emphasis added]

As stated earlier, the Opinion and Order, found the causes of action of the eight ASBCA appeals were different from those of the present appeal except for a limited issue of over-zealous inspection. (page 3, paragraph 2). The present appeal is not "based on the same, or nearly the same factual allegations." How can this same Opinion and Order conclude that the same transactional facts exist in the present appeal in light of the *Ammex* case?

Another distinction pointed out in the *Ammex* case as to whether causes of action should have been joined in one suit is whether the evidence necessary to prove one cause

of action would establish the other. Since none of the eight appeals to the ASBCA involved mal-administration or impossibility, different evidence would be required to prove the present claim. This would involve a different set of transactional facts from the ASBCA appeals. Claim preclusion clearly does not apply to the present appeal before this Court.

The case of *Zacharin v. United States,* 43 Fed.Cl. 185, 196 (1999) also discusses the requirement for the "same claim" being necessary for claim preclusion to apply and carried it further by also requiring that a party would have to have been able to raise the issue at the first suit before claim preclusion could apply. In this appeal concerning a patent infringement, the Court held on the issue of claim preclusion the following:

> "...In order to apply claim preclusion here, each of the following two propositions must be true: (1) the government could have raised the on-sale bar during the rights determination, and (2) the rights determination and the instant infringement suit involve the same claim. The court concludes that neither proposition is true. Claim preclusion is therefore, inapplicable to this case.
>
> First, for the reasons stated in the earlier discussion on issue preclusion, the government did not and could not have raised the on-sale bar during the rights determination proceedings because the Commissioner did not have authority to consider the patentability of the invention. Because the government could not have raised the on-sale bar during the rights determination, the court cannot invoke claim preclusion to prevent the government from raising that defense in the instant proceedings."

Plaintiff contends the *Zacharin* case is very similar to the present appeal in that plaintiff could not raise the current issues because of a lack of jurisdiction by the ASBCA to hear a matter which had not been appealed to them. This Court in its Opinion and Order recognized the lack of jurisdiction (page 7, paragraph 3), but still concluded plaintiff should have appealed to the ASBCA. The Court's conclusion violates plaintiff's statutory right to elect a forum of its choice per *Zoeller v. U.S.,* cited earlier.

The court in the *Zacharin* case then discussed the necessity of the "same claim" as follows:

> "...Even if the government could have raised the on-sale bar during the rights determination, claim preclusion cannot prevent the government from raising that defense here because plaintiff's patent infringement action involves a different 'claim' than the one that was before the Commissioner..."

The earlier discussion in this Motion shows the differences in the present appeal from those tried before the ASBCA. Claim preclusion does not apply.

The Court's Opinion and Order quotes from the case of *Young Engineers, Inc. v. United States International Trade Commission* 721 F.2d 1305 (1983) on the issue of claim preclusion (top paragraph, page 6). The quote is concerned with transactions out of which an action arises. This general language is not conclusive. However, when the *Young* case is examined at page 1315, it is seen that it supports plaintiff's position, not defendant's.

The Court in *Young* in considering "claim preclusion" referred to the Restatement and cited the following:

> "§ 26(c). Where formal barriers existed against full presentation of claim in first action (Subsection (1)(c)). The general rule of § 24 is largely predicated on the assumption that the jurisdiction in which the first judgment was rendered was one which put no formal barriers in the way of a litigant's presenting to a court in one action the entire claim including any theories of recovery or demands for relief that might have been available to him under applicable law. When such formal barriers in fact existed and were operative against a plaintiff in the first action, it is unfair to preclude him from a second action in which he can present those phases of the claim which he was disabled from presenting in the first."
> [Emphasis added]

The jurisdiction established by the appeals to the ASBCA for the various small claims tried there in 2004 (page 2, last paragraph, Opinion and Order) did not establish jurisdiction for the present appeal. Plaintiff chose to not take the present appeal to the ASBCA, and it was clearly plaintiff's choice to make. The Court cannot now hold this

against plaintiff without violating plaintiff's right to elect the forum of its choice per *Zoeller v. U.S.* cited earlier. So a formal barrier did exist which prevented plaintiff from trying the present appeal before the ASBCA, namely jurisdiction. According to the Restatement cited in the *Young* case, it is unfair to preclude plaintiff from going forward with the present appeal.

As far as an administrative hearing is concerned, claim preclusion can only apply if the parties have had an adequate opportunity to litigate. In the case of *Zoeller v. U.S.* cited earlier, the Court stated this rule:

> "...Moreover, if certain requirements are met, the final determination of an administrative agency on a plaintiff's claims is accorded *res judicata*. 'When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which parties have had an adequate opportunity to litigate,[emphasis added] the courts have not hesitated to apply *res judicata* to enforce repose.' *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 107, 111 S.Ct. 2166, 115 L.Ed.2d 96 (1991) (quoting *United States v. Utah Constr. & Mining Co.*, 384 U.S. 394, 422, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966)."

The present appeal was not before the ASBCA. The ASBCA did not have jurisdiction. How could plaintiff have had "an adequate opportunity to litigate" a non-existent appeal?

### 3. FAIRNESS / DUE PROCESS

The courts have made it exceedingly clear that *res judicata* and especially "Claim Preclusion" should not be utilized if it results in denial of due process or fairness.

In the case of *Sharp Kabushiki Kaisha v. ThinkSharp, Inc.,* 448 F.3d 1368, 1372 (2006) the Court of Appeals for the Federal Circuit addressed an issue of claim preclusion based on a previous default judgment in a copyright case. In considering both fairness and due process, in connection with claim preclusion, the court held as follows:

> "...'Precedent cautions that *res judicata* is not readily extended to claims that were not before the court, and precedent weighs heavily against denying litigants a day in court unless there is a clear and persuasive basis for that denial.' *Kearns v. Gen. Motors Corp.* 94 F.3d 1553, 1557

(Fed.Cir.1996)*; see Brown v. Felsen,* 442 U.S. 127, 132, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979) (*res judicata* is 'invoked only after careful inquiry'). In *Kearns* this court cautioned that:

> 'When applying *res judicata* to bar causes of action that were not before the court in the prior action, due process of law and the interest of justice require cautious restraint. Restraint is particularly warranted when the prior action was dismissed on procedural grounds.'

94 F.3d at 1556. In the present case, not only were the marks different and the prior dismissal solely on default, but *res judicata* would deny ThinkSharp its day in court without a 'clear and persuasive basis for that denial,' *id.* at 1557. The Court in *Kremer v. Chemical Construction Corporation,* 456 U.S. 461, 485 n. 26, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982) stated that 'so long as opposing parties had an adequate opportunity to litigate disputed issues of fact, *res judicata* is properly applied to decisions of an administrative agency acting in a 'judicial capacity'.' The corollary is that when a party did not have an opportunity to litigate disputed issues, a decision to permit such litigation is favored."

"...The public policy underlying the principles of preclusion, whereby potentially meritorious claims may be barred from judicial scrutiny, has led courts to hold that the circumstances for preclusion 'must be certain to every intent'.' *Mayer/Berkshire Corp. v. Berkshire Fashions, Inc.* 424 F.3d 1229, 1234 (Fed.Cir.2005) (quoting *Russell v. Place,* 94 U.S. 606, 610, 24 L.Ed. 214 (1877))." [Emphasis added]

As earlier stated, the present appeal now before this Court was never before the ASBCA. Plaintiff has not had its day in court and if the Opinion and Order rendered on April 19, 2007, amended April 23, 2007, by the Court stands, plaintiff will never have its day in court. In effect, plaintiff has been barred to its right to due process.

The United States Court of Appeals for the Federal Circuit in the case of *Pactiv Corporation v. Dow Chemical Company,* 449 F.3d 1227 (2006) at page 1233 addressed both fairness and due process in connection with the issue of *res judicata.* There the court held:

> "[10,11] The denial of a full and fair opportunity to litigate is a defense to collateral estoppel (issue preclusion). *Nat'l Labor Relations Bd. v. Thalbo Corp.* 171 F.3d 102, 109 (2d Cir.1999). In the context of collateral estoppel, preclusive effect may be refused when there is a compelling

> showing of unfairness or inadequacy in the prior litigation. *See Montana v. United States,* 440 U.S. 147, 163-64, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979); *Restatement (Second) of Judgments* § 28, cmt j. But that doctrine has a more limited role to play with respect to *res judicata* (claim preclusion). In *Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 102 S.Ct. 1883, 72L.Ed.2d 262 (1982), the Supreme Court stated in a footnote: '[w]hile our previous expressions of the requirement of a full and fair opportunity to litigate have been in the context of collateral estoppel or issue preclusion, it is clear from what follows that invocation of *res judicata* or claim preclusion is subject to the same limitation.' *Id.* at 481 n. 22, 102 S.Ct. 1883. But at the same time, the Court made clear that *res judicata* was precluded only where there was a denial of due process: Our previous decisions have not specified the source or defined the content of the requirement that the first adjudication offer a full and fair opportunity to litigate. But for present purposes, where we are bound by the statutory directive of [28 U.S.C.] § 1738, state proceedings need do no more than satisfy the minimum procedural requirement of the Fourteenth Amendment's Due Process Clause in order to qualify for the full faith and credit guaranteed by federal law." [Emphasis added]

Accordingly, where there is a showing of unfairness or inadequacy in the prior litigation, neither issue nor claim preclusion should be utilized. Since the prior litigation before the ASBCA didn't even address the issues before this Court in the present appeal, the prior litigation is wholly inadequate to these issues. It also results in an unfair outcome to plaintiff.

Look at the facts of this present appeal. Plaintiff submits its claim to the contracting officer (CO) on November 7, 2003 (page 2, paragraph 3, Opinion and Order). No CO decision is forthcoming. Plaintiff pursues and completes its small claims before the ASBCA in 2004 and 2005 (page 2, last paragraph, Opinion and Order). There is still no CO decision on the present appeal (page 2, paragraph 3, Opinion and Order). The Navy fails to perform its contractual obligation (a CO decision). Ultimately, plaintiff appeals to this Court its present claim on January 19, 2006, which is still undecided (page 2, paragraph 3, Opinion and Order). By order of this Court, dated April 11, 2006, a final CO decision is required (page 3, paragraph 2, Opinion and Order). The CO decision is

issued on June 9, 2006, denying the claim (page 3, paragraph 3, Opinion and Order).

The Navy has failed in their contractual responsibilities, yet in accordance with the Opinion and Order, they have won the day by doing nothing while plaintiff who has performed all the work done on this appeal is denied its day in court. Where is the fairness in this?

The Navy has not defended the present appeal; they have done little more than issue a CO decision. They are not having to defend the same cause of action a second time. The Opinion and Order results in both unfairness as well as denial of due process to plaintiff.

## 4. COMMENTS ON CASES AND CONCLUSIONS

The Court cites several cases and other conclusions in support of its Opinion and Order. The following comments are provided to certain ones:

*Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247-48 (1986), is cited for the principle that summary judgment can only be granted if there are no genuine issues as to any fact. (Page 3, last paragraph, Opinion and Order). In a footnote on that same page, the Court determines that there is at least "...doubt over factual issues..." and therefore, it must resolve in favor of the party opposing the summary judgment who in this case is plaintiff. How can the Court then turn around and grant summary judgment in its conclusion?

On page 5 of the Opinion and Order, the Court cites *Sharp Kabushiki Kaisha v. ThinkSharp, Inc.* and notes that it quoted from *Migra,* 465 U.S. at 77 n.1. The *Sharp* case has been discussed above as it supports plaintiff's position. As to *Migra*, however, the following comments are offered. The facts there are Petitioner actually brought two causes of action. One of these causes of action was later dismissed without prejudice. Later, petitioner reinstated the dismissed cause of action which was defended on the basis

of *res judicata.* The facts in *Migra* do not match our facts. There was no filing and dismissal. Plaintiff in this case has filed its appeal one time at this Court.

The Opinion and Order (page 6, first full paragraph) states:

"*Res judicata* is not invoked solely as a result of prior judicial decisions; when an administrative agency acts in a judicial capacity, permitting the parties to fully litigate their claims, its final determination is also accorded *res judicata* effect." Following were case citations.

Since the ASBCA on the eight other appeals did not address mal-administration, impossibility of performance or over-zealous inspection (page 2, paragraph 2, Opinion and Order), how can plaintiff have fully litigated its claim concerning these matters? These items which make up the present appeal before this Court have not been litigated at all. Therefore, *res judicata* cannot apply to the present appeal before this Court under the authority cited in the Opinion and Order.

On page 6 at the bottom of the second paragraph, the Opinion and Order cites the case of *Ingalls Shipbuilding v. United States*, 21 Cl.Ct. 117 (1990) for the principle that *res judicata* applies to the litigation of claims in federal court that should have been litigated before the ASBCA. An examination of *Ingalls* at page 123 reveals that in so far as claim preclusion was concerned, the issue had been litigated. In other words, the ASBCA had jurisdiction and conducted a hearing on the appeal. That is not the case in the present appeal. In determining that preclusion applied in the *Ingalls* case, the court found as follows:

> " [2] ... However, the issue to be given preclusive effect is not fraud, but the truthfulness of documentary evidence submitted to the CO. The government was allowed fully and fairly to litigate that issue in the context of whether or not the factual averments made in the claim, and by Ingalls' witnesses on the stand, were true. While the ASBCA had no authority to entertain a counterclaim in fraud, it did have the authority – the duty, even– to determine whether the evidence submitted in support of Ingalls' claim was factually accurate. Thus, the parties actually litigated the issue of the truth or falsity of the evidence supporting the claim." [Emphasis added]

In the present appeal, there has been no litigation and there could not have been litigation at the ASBCA due to lack of jurisdiction as discussed earlier. Hence, plaintiff has not been allowed to "fully and fairly litigate" as contemplated in the *Ingalls* case.

The emphasis that a party must have had a fair opportunity to litigate is confirmed later in the *Ingalls* decision where the court held:

> "When an administrative agency acts in a judicial capacity and resolves disputed issues of fact properly before it which the parties had an <u>adequate opportunity to litigate</u>, those findings are final and conclusive in a subsequent action between the same parties, if the subsequent action arises from the same facts. *See United States v. Utah Constr. & Mining,* 384 U.S. 394, 422, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642 (1966)."
> [Emphasis added]

Not only has plaintiff in the present appeal not had a "full or fair or adequate opportunity to litigate," it will have **<u>no</u>** future opportunity to litigate due to the Court's Opinion and Order denying that right unless the Court reverses its Opinion and Order.

On page 7, paragraph 3 of the Opinion and Order, the Court simply adopts the defendant's allegations as fact in order to arrive at its conclusion of granting the summary judgment. We will examine them one at a time:

> 1. "...defendant replies that the ASBCA did have jurisdiction to hear these claims; plaintiff, however chose not to present them."

The statement concerning jurisdiction is not only a false statement, it is legally wrong. As set out in the CDA references and the *Zoeller v. U.S.* case cited earlier, jurisdiction is mandated by an appeal. There was no appeal of the present claim to the ASBCA. Plaintiff, and plaintiff only, in this case could make the determination of when and where to take the appeal, not the defendant and not this Court.

> 2. "...To its second point, defendant replies that plaintiff was not required to use the Small Claims Accelerated Procedure–it could have instead consolidated all of its claims, albeit not under the Accelerated Procedure..."

Only plaintiff can make that determination. The CDA provides an accelerated

procedure for small claims; obviously, the party making the claim selects the procedure best for them. To follow the defendant's logic, plaintiff could have just eaten the nearly $1,000,000.00 loss it incurred on this contract and filed no claims at all.

These comments concerning what plaintiff could have done in so far as going to the ASBCA with this present appeal, etc. are totally irrelevant. Only plaintiff can make this decision per *Zoeller v. U.S.* cited earlier. The decision as to which forum to take your claim has to be "voluntary" per the *Zoeller* case. The Court in its Opinion and Order looking back and deciding what may have been is also irrelevant. It is an erroneous basis for the conclusion made in the Opinion and Order and should not stand.

Subject matter jurisdiction controls the outcome of this motion for summary judgment. Jurisdiction was never at the ASBCA due to lack of an appeal there. The Opinion and Order agreed that the ASBCA did not have jurisdiction.

> 3. In the 3rd paragraph at page 7, the Opinion and Order concludes that "...the ASBCA could not hear matters which plaintiff had not appealed..." Then it goes on to state, "...had plaintiff chosen to appeal the claims asserted in this action to the ASBCA, resolution of those claims would have been within the jurisdiction of the ASBCA."

So the Court agrees the ASBCA did not have jurisdiction to hear the present appeal. Since plaintiff was the only party who could make the election as to which forum to appeal, this Court cannot now decide that plaintiff has lost its right to make that choice and have its day in court because plaintiff made a choice with which the Court does not agree. That's what appears to have happened here and it's totally and legally wrong! The "Election Doctrine" set out in the *Zoeller v. U.S.* case earlier cited makes it precisely clear that only the plaintiff could have made that choice and no one else.

**FINAL SUMMARY**

There are still genuine issues of fact remaining to be decided. The Court's Opinion and Order (page 7, first paragraph) finds that there were specific claims raised before the Court that were different from the claims raised at the ASBCA. To issue a summary judgment, there must be no genuine issues as to any material fact. *Anderson v. Liberty Lobby,* cited earlier.

The Election Doctrine established by the CDA provides that only the contractor can elect its forum for hearing an appeal under the act and such election is binding. Also, the election established jurisdiction for the appeal. Case law cited provides the election of forums must be "knowing, informed and voluntary." *Zoeller v. U.S.,* cited earlier.

Claim preclusion is only proper where a claimant attempts to re-try the same cause of action as tried at the first trial. As found by this Court in its Opinion and Order, (page 7 first paragraph) the present claim is different from those tried at the ASBCA.

Fairness is a necessary consideration by a court in determining whether to apply *res judicata* to bar a cause of action that was not before the court in the prior action. Plaintiff's present appeal before this Court makes up the majority of the damages suffered under this contract yet if the Opinion and Order stands, plaintiff will be denied any opportunity to recover. Where is the fairness in that?

In the same concept of fairness, is due process. Being denied access to the courts is a failure of due process. Remember, the defendant has never heard or defended the present claim. There is no abuse of the courts, no wasting of the court's time or facilities nor those of defendant. Where is the due process?

The Opinion and Order dated April 19, 2007, amended April 23, 2007, granting defendant summary judgment should be reversed and plaintiff should be allowed to proceed with its appeal before this Court.

**CONCLUSION**

For the reasons and law stated, plaintiff respectfully requests that the Court reverse its Opinion and Order dated April 19, 2007, amended April 23, 2007.

Respectfully submitted,

**s/David A. Tomlinson**

DAVID A. TOMLINSON
5716 Tee Box Court
Granbury, Texas 76049
817-578-8199
Attorney of Record for Plaintiff
PHILLIPS/MAY CORPORATION

electronically filed
April 30, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of April, 2007, a copy of the foregoing "PLAINTIFF'S MOTION FOR RECONSIDERATION" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

**s/David A. Tomlinson**