# In the United States Court of Federal Claims

No. 06-47 C
Filed May 3, 2007
TO BE PUBLISHED

| | |
|---|---|
| PHILLIPS/MAY CORPORATION, Plaintiff, v. THE UNITED STATES, Defendant. | Motion for reconsideration of final judgment, manifest error of fact or law, intervening change in law, previously unavailable evidence, manifest injustice, *res judicata*, claim preclusion, judgment in prior action as bar to later action asserting claims based on same transactional facts, fairness, due process, careful inquiry, cautious restraint, clear and persuasive basis for precluding litigation of claims |

David A. Tomlinson, Granbury, TX, for plaintiff.

Dawn S. Conrad, Trial Attorney, Harold D. Lester, Jr., Assistant Director, David M. Cohen, Director, Peter D. Keisler, Assistant Attorney General, United States Department of Justice, Washington, D.C., for defendant. Tracy M. Humphrey, Senior Trial Attorney, Naval Facilities Engineering Command, of counsel.

**OPINION AND ORDER**

GEORGE W. MILLER, Judge.

This matter is before the Court on plaintiff's motion for reconsideration filed April 30, 2007 ("Pl.'s Mot.," docket entry 34). In its motion, plaintiff requests that the Court reconsider its Opinion and Order filed April 19, 2007 (docket entry 31), *Phillips/May Corp. v. United States*, --- Fed.Cl. ----, 2007 WL 1227696 (2007). Plaintiff reiterates its view that, because the claims of mal-administration, over-zealous inspection, and impossibility were not addressed by the Armed Services Board of Contract Appeals ("ASBCA"), the doctrine of *res judicata* does not preclude this Court from hearing and deciding those claims in this action and that, under the "Election Doctrine," plaintiff was entitled to choose whether to appeal the deemed denial of its claims to the ASBCA or to this Court. Plaintiff also argues that principles of fairness and due process demand that its remaining claims be heard by the Court in this action.

"A motion for reconsideration 'enables a trial court to address oversights, and the court appreciates the opportunity to do so.'" *Holland v. United States*, 75 Fed. Cl. 492, 494 (2007) (quoting *Cane Tenn., Inc. v. United States*, 62 Fed. Cl. 703, 705 (2004)). The decision whether

to grant a motion for reconsideration is largely within the trial court's discretion. *Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990); *see also Triax Co. v. United States*, 20 Cl. Ct. 507, 509 (1990) ("A motion for reconsideration is addressed to the discretion of the trial court.").

To prevail on its motion for reconsideration under Rule 59 of the Rules of the United States Court of Federal Claims, plaintiff has the burden of demonstrating "a manifest error of law or mistake of fact and must show either: (1) that an intervening change in the controlling law has occurred; (2) that previously unavailable evidence is now available; or (3) that the motion is necessary to prevent manifest injustice." *Griswold v. United States*, 61 Fed. Cl. 458, 460-461 (2004) (quoting *First Fed. Lincoln Bank v. United States*, 60 Fed. Cl. 501, 502 (2004)); *see also* 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995).

Plaintiff repeats the arguments it made in its briefing on the Government's motion for summary judgment, *e.g.*, that the ASBCA lacked jurisdiction to hear its mal-administration, over-zealous inspection, and impossibility claims, Pl.'s Mot. 3–4, and that claim preclusion does not bar this Court from hearing those claims. *Id.* at 5–9. Plaintiff's dissatisfaction with the Court's conclusion is, however, insufficient to prevail on a motion for reconsideration; "otherwise the losing party would generally, if not always, try his case a second time, and litigation would be unnecessarily prolonged, with no more satisfactory results, as there would still be a losing party in the end." *White Mountain Apache Tribe v. United States*, 9 Cl. Ct. 32, 35 (1985).

In addition to the arguments plaintiff repeats from its prior briefing, plaintiff now argues that the application of *res judicata* in this case would be unfair and deprive plaintiff of due process. Pl.'s Mot. 9–12. In that regard, plaintiff cites several cases not cited in its opposition to defendant's motion for summary judgment, including *Sharp Kabushiki Kaisha v. ThinkSharp, Inc.*, 448 F.3d 1368 (Fed. Cir. 2006) and *Kearns v. Gen. Motors Corp.*, 94 F.3d 1553 (Fed. Cir. 1996). In those cases the Federal Circuit stated that courts should apply *res judicata* "only after careful inquiry" and with "cautious restraint," especially when precluding claims that were not litigated in the prior proceeding. *See Sharp Kabushiki*, 448 F.3d at 1372; *Kearns*, 94 F.3d at 1556.

In *Sharp Kabushiki*, ThinkSharp applied to register two trademarks, which were opposed by Sharp. *Sharp Kabushiki*, 448 F.3d at 1369. ThinkSharp chose to defend only one of the trademarks, and the Trademark Trial and Appeal Board entered a default judgment against ThinkSharp with respect to the undefended trademark. *Id.* Sharp then asserted that the default judgment served to prevent ThinkSharp from defending its other trademark against Sharp's opposition. *Id.* In rejecting Sharp's contention, the Court of Appeals for the Federal Circuit cautioned that courts should exercise care in applying *res judicata*. It further stated that "[i]t is highly relevant that the default judgment . . . was entered without consideration of the merits." *Id.* at 1372.

In *Kearns*, the United States District Court for the Eastern District of Virginia dismissed Dr. Kearns's suit for infringement as it related to sixteen patents on *res judicata* grounds because of the involuntary dismissal of an infringement action previously brought by Dr. Kearns in the United States District Court for the Eastern District of Michigan that involved five different patents. Neither the Virginia nor the Michigan court discussed the substance of any patent before it. *Id.* at 1556. The Federal Circuit held that the dismissal of Dr. Kearns's action in Michigan did not bar his action in Virginia, noting that the Virginia action related to patents not involved in the Michigan action and that the dismissal of the Michigan action "was on procedural grounds," not on the merits. *Kearns*, 94 F.3d at 1554, 1557. The Federal Circuit also stated that "precedent weighs heavily against denying litigants a day in court unless there is a clear and persuasive basis for that denial." *Id.* at 1557.

Unlike the parties in *Sharp Kabushiki* and *Kearns*, plaintiff in this case both was able to and did fully litigate the merits of the claims it asserted in the first proceeding. Application of the doctrine of *res judicata* in its issue- and claim-preclusion aspects is intended to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (citing *Montana v. United States*, 440 U.S. 147, 153–54 (1979)). Because plaintiff could have fully litigated its remaining claims before the ASBCA, and because those claims, which plaintiff now seeks to litigate in this action, arose out of the same transactional facts as its appeals to the ASBCA, the Court, applying principles and authority of long standing regarding the claim-preclusion aspect of *res judicata*, determined that the judgments of the ASBCA resolving plaintiff's claims before that tribunal barred plaintiff's claims in this action. *See, e.g., Young Eng'rs, Inc. v. United States Int'l Trade Comm'n*, 721 F.2d 1305, 1314–15 (Fed. Cir. 1983); *Ammex, Inc. v. United States*, 334 F.3d 1052, 1055–56 (Fed. Cir. 2003); *see also* 18 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4407 (2d ed. 2002). In so holding, the Court was guided by Justice Blackmun's oft-quoted dictum that *res judicata* should be invoked in such circumstances "only after careful inquiry," *Brown v. Felson*, 442 U.S. 127, 132 (1979), as well as the admonition of the Federal Circuit that "due process of law and the interest of justice require cautious restraint" in applying *res judicata* to preclude litigation of "claims that were not before the court" (or tribunal) in the prior proceeding and that "[p]recedent weights heavily against denying litigants a day in court unless there is a clear and persuasive basis for that denial." *Kearns*, 94 F.3d at 1557. As explained in the Opinion and Order filed April 19, 2007, here the undisputed facts establish such "a clear and persuasive basis" for the Court's holding that *res judicata* bars plaintiff from asserting in this action claims that arose out of the same transactional facts as the claims plaintiff litigated before the ASBCA.

For the reasons set forth above, plaintiff, in the Court's view, has failed to establish that the Opinion and Order filed April 19, 2007, embodied any error of fact or law (manifest or otherwise). Nor has plaintiff identified any intervening change in controlling law, previously unavailable evidence, or manifest injustice caused by the Court's Opinion and Order.

Accordingly, the Court DENIES plaintiff's motion for reconsideration. The judgment in favor of defendant, entered April 23, 2007, remains in full force and effect.

IT IS SO ORDERED.

s/ George W. Miller
GEORGE W. MILLER
Judge